OPINION
{¶ 1} Defendant-Appellant, John R. Fulk, appeals a judgment of the Van Wert County Court of Common Pleas, sentencing him upon his plea of guilty to four counts of gross sexual imposition. On appeal, Fulk asserts that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing and that the trial court erred in classifying him as a sexual predator. Finding that the trial court did not abuse its discretion in denying Fulk's motion to withdraw his guilty plea and that the trial court made the necessary findings, which are clearly and convincingly supported by the record, to classify Fulk as a sexual predator, we affirm the judgment of the trial court.
 {¶ 2} In July of 2004, Fulk was indicted on six counts of rape of a child under the age of thirteen in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The charges involved two separate victims.
 {¶ 3} At his arraignment, Fulk entered a plea of not guilty. On the morning of September 7, 2004, a pretrial hearing was held. At the pretrial hearing, the State offered to amend the first four counts of the indictment to gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. Additionally, the State offered to dismiss the remaining two counts of rape of a child under the age of thirteen, in exchange for Fulk's pleas of guilty to the four counts of gross sexual imposition.
 {¶ 4} Following the pretrial hearing, Fulk stated that he wanted to speak with his wife prior to making a decision. Fulk was scheduled to meet with his wife at 1:00 p.m. that day at the Van Wert County Jail. Accordingly, the pretrial hearing was continued until 2:30 p.m. that afternoon, and Fulk was taken back to the jail for his visitation appointment with his wife. At the afternoon session of the pretrial hearing, Fulk agreed to the negotiated pleas of guilty. Additionally, Fulk signed the petition to enter the guilty pleas and the trial court conducted a lengthy colloquy prior to accepting his pleas of guilty to the four counts gross of sexual imposition. The State moved to dismiss the remaining two counts of the indictment.
 {¶ 5} In September of 2004, prior to being sentenced, Fulk filed a pro se motion to withdraw his guilty pleas, claiming that he was under duress at the time he pled guilty, because he was given only thirty minutes to make a decision about the offered plea. Subsequently, a hearing was held on Fulk's motion. At this initial hearing, Fulk asked the trial court to remove his prior court appointed counsel and appoint new counsel to represent him. The trial court granted Fulk's request to remove his former counsel, appointed new counsel and continued the matter.
 {¶ 6} At the second hearing on Fulk's motion to withdraw his guilty pleas, Fulk testified that he was given only fifteen to thirty minutes to make a decision about his plea. Additionally, he testified that he ultimately pled guilty, because he believed that he would be subject to three life sentences under the original indictment. Fulk's former trial counsel, John Edward Hatcher, also testified at the hearing. During his testimony, Hatcher testified that he met with Fulk twice on September 7, 2004, the day of the pretrial hearing. Hatcher testified that at the a.m. session of the pretrial hearing he was told by the State about the plea negotiation and that the State would not be seeking any life sentences on the original indictment. Hatcher testified that when he talked to Fulk that morning he told him about both the plea negotiations and that the State would not be seeking any life sentences on the original indictment. Additionally, Hatcher stated that he asked for the continuance when Fulk asked him for some time to discuss the plea with his wife. Hatcher went on to testify that when the hearing reconvened later that afternoon, Fulk had not been able to speak with his wife and that Fulk asked him if he could have a few more days to make the decision. Hatcher stated that he told Fulk that he was not sure how long the State would be offering that deal and that Fulk was upset during the hearing.
 {¶ 7} On October 1, 2004, the trial court denied Fulk's motion to withdraw his guilty pleas. In its judgment entry, the trial court found that prior to accepting Fulk's pleas of guilty the State amended the indictment and informed Hatcher that none of the counts in the original indictment carried a penalty of life in prison. Additionally, the trial court found that Hatcher had conveyed this to Fulk when he discussed the plea offer with him and that Fulk was afforded a full hearing pursuant to Crim.R. 11. Finding that Fulk's guilty pleas were made knowingly, intelligently and voluntarily, the trial court denied Fulk's motion to withdraw his guilty pleas.
 {¶ 8} Subsequently, Fulk was sentenced upon his convictions. Additionally, the trial court found that Fulk was a sexual predator and imposed the duty to register pursuant to R.C. 2950.04. It is from this judgment Fulk appeals, presenting the following assignments of error for our review.
Assignment of Error No. I
 The trial court erred in denying Appellant's motion to withdraw hisguilty plea prior to sentencing.
 Assignment of Error No. II
 The trial court erred in finding that the State presented sufficientevidence for it to find by clear and convincing evidence that Appellantshould be classified as a sexual predator.
 {¶ 9} Initially, we must address a preliminary issue of certification of the record. In the State's brief, it raises an issue with the record below not being properly certified, pursuant to App.R. 9(C) and Local R.5(C) and (D). Subsequently, Fulk filed a motion to supplement the record, providing proper certification for the July 7, 2004 arraignment, the September 7, 2004 change of plea hearing, the September 28, 2004 hearing on the motion to withdraw Fulk's guilty plea and the October 6, 2004 sexual predator hearing. Finding that each of the provided certifications properly complies with Local Rules as well as the Appellate Rules, we find Appellant's motion to supplement the record to be well taken. Accordingly, the record is properly certified and has been considered by this Court in review of this case.
Assignment of Error No. I
 {¶ 10} In the first assignment of error, Fulk asserts that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing.
 {¶ 11} Crim.R. 32.1 provides in pertinent part that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Thus, while the rule gives a standard by which post sentence withdrawals of guilty pleas may be evaluated, i.e. the "manifest injustice" standard, the rule provides no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea, as in this case. State v.Xie (1992), 62 Ohio St.3d 521, at para. one of the syllabus.
 {¶ 12} Although the general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, the right to withdraw a plea prior to sentencing is not absolute. Id.; State v. Schneider (April 30, 1993), 3d Dist. No. 13-92-45, unreported. The trial courts must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Xie, 61 Ohio St. 3d at para. one of syllabus. Thereafter, the decision to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at para. two of the syllabus. Accordingly, absent an abuse of discretion, an appellate court should not disturb the trial court's decision. Id. at 527; Statev. Mack (Oct. 29, 1998), 3d Dist. No. 1-98-30, unreported. An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 13} Several noteworthy factors have been delineated by this and other courts to assist in our review of the trial court's determination of a motion to withdraw a guilty plea, including "1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Lewis, 3d Dist. No. 1-02-10, 2002-Ohio-3950, at ¶ 11, citing State v. Lane (Oct. 26, 2001), 3d Dist. No. 1-01-69, unreported; see, also, State v. Griffin (2001),141 Ohio App.3d 551, 554; State v. Fish (1995), 104 Ohio App.3d 236,239.
 {¶ 14} While we acknowledge the lack of prejudice to the State in this case, we cannot conclude that the trial court abused its discretion in denying Fulk's motion when other factors weighed heavily in favor of denying his motion. Upon review of the record, we find that the Fulk was represented by counsel at the time of his initial plea and that the trial court conducted a thorough colloquy at the change of plea hearing, discussing Fulk's rights under Crim.R. 11 prior to accepting his plea.
 {¶ 15} Additionally, the trial court appointed new counsel upon Fulk's request and continued the matter prior to conducting the second hearing on the motion to withdraw his guilty pleas. Furthermore, the hearing on the motion to withdraw his guilty pleas was extensive, and the trial court clearly gave full and fair consideration to Fulk's motion. While Fulk's motion asserted that he was under duress at the time he pled guilty and that he was unaware that the possibility of a life sentence had been taken off the table, these issues were clearly litigated before the trial court at the second hearing on Fulk's motion to withdraw his guilty pleas.
 {¶ 16} At the hearing, Fulk as well as his prior counsel testified as to the incidents that took place on the day that Fulk entered his pleas of guilty. On the issue of the time given to make a decision about the plea negotiations, Fulk asserted that he was given only fifteen to thirty minutes to make a decision. However, Hatcher as well as the State represented that Fulk's pretrial hearing was continued, in order to give Fulk time to speak with his wife about the plea negotiations. Finally, the record clearly reflects that the 10:30 a.m. pretrial hearing was continued until 2:30 p.m. on the day of the pretrial hearing. Fulk was given an opportunity to speak with his wife and reflect on the decision. Regardless of whether Fulk actually spoke with his wife about that decision, he was given a significant amount of time to make a decision. Thus, we cannot find that the trial court erred in finding that Fulk was given sufficient time to make a decision on the plea negotiations.
 {¶ 17} Additionally, Fulk argues that he was unaware that the possibility of three life sentences had been taken off the table. While Fulk testified he was never informed that he was no longer facing a life sentence, his previous counsel, Hatcher, testified that he had informed Fulk of that fact. Accordingly, the trial court made the following findings:
The court finds that prior to taking the defendant's plea of guilty tothe amended indictment the prosecuting attorney advised the court anddefense attorney Hatcher that none of the counts of the indictment, aswritten, carried a penalty of life in prison. * * * Attorney Hatchertestified that when discussing the negotiated plea agreement with thedefendant prior to the defendant entering his pleas of guilty to theamended indictment, he had informed the defendant that each of the countsin the original indictment carried a maximum term of 10 years and thatnone of the counts in the original indictment carried a term of life inprison.
 {¶ 18} Upon review of the hearings on Fulk's motion to withdraw his guilty pleas as well as the trail court's judgment entry denying that motion, we find that the trial court gave full and fair consideration to Fulk's motion as well as the evidence presented at the hearing. Thus, while Fulk's motion to withdraw his guilty pleas was based upon his alleged distress and lack of understanding as to the sentence, that evidence was presented to the trial court. The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, para. one of the syllabus. Accordingly, because the trial court's decision was clearly based upon evidence before it, we cannot find that its decision was unreasonable, arbitrary or unconscionable. Therefore, we cannot find that the trial court abused its discretion in denying Fulk's motion to withdraw his guilty plea.
 {¶ 19} Accordingly, Fulk's first assignment of error is overruled.
Assignment of Error No. II
 {¶ 20} In the second assignment of error, Fulk asserts that the trial court erred in classifying him as a sexual predator. Specifically, Fulk argue that the evidence before the trial court fails to establish that he was likely to engage in one or more sexually oriented offenses in the future.
 {¶ 21} A "sexual predator" is defined by the Ohio Revised Code as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes." R.C. 2950.01(E). Fulk concedes that the crime of gross sexual imposition is included in the definition of "sexually oriented offenses."
 {¶ 22} In determining whether a defendant is a sexual predator, the trial court must consider a non-exclusive list of ten factors. R.C.2950.09(B)(3). Trial courts are given wide discretion in deciding how much weight, if any, they give to each of the factors. State v. Thompson
(2001), 92 Ohio St.3d 584, para. one of the syllabus; State v. Wayne,
(Mar. 14, 2002), 3rd Dist. No. 11-01-08, unreported. "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." Statev. Mckinniss, 153 Ohio App.3d 654, 2003-Ohio-4239, at ¶ 7, quotingState v. Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 20; see, also, State v. Dennis (Sept. 7, 2000), 3rd Dist. No. 8-2000-08, unreported; State v. Dewitt (Nov. 15, 2000), 3rd Dist. No. 14-2000-21, unreported.
 {¶ 23} After looking at all of the evidence and applying the statutory factors of R.C. 2950.09(B)(3), the court must make a determination of whether the sexual predator classification is supported by clear and convincing evidence. R.C. 2950.09(B)(4); State v. Eppinger (2001),91 Ohio St.3d 158, 163. Clear and convincing evidence is an intermediate degree of proof, it requires more than a mere preponderance of the evidence, but it is less demanding than a finding beyond a reasonable doubt. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469, 477. A reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence satisfies the clear and convincing standard. Schiebel,55 Ohio St.3d at 74.
 {¶ 24} The question of whether manifest weight claims in sexual predator cases should be addressed under the civil standard set forth inC.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus, or the criminal standard enumerated in State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, has become an issue that has not been uniformly resolved among Ohio's appellate districts. State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 44. However, even the more stringent criminal standard requires a finding that "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed" to overturn such a determination.Thompkins, 78 Ohio St.3d at 387.
 {¶ 25} At the sexual predator hearing, the trial court stated that it relied upon the pre-sentence investigation report and a psycho-sexual evaluation report. The psycho-sexual evaluation report placed Fulk's risk of re-offending in the "moderate" range.
 {¶ 26} Additionally, the trial court stated in its judgment entry that it considered the statutory factors pursuant to R.C. 2950.09(B)(3)(a) through (j). Specifically, the trial court stated that it considered Fulk's age, his criminal history, the ages of the victims, that there were multiple victims and that Fulk's conduct demonstrated a pattern of abuse. Based on those factors, the trial court found that Fulk was likely to engage in one or more sexually oriented offenses in the future.
 {¶ 27} Fulk contends that the court erred in finding by clear and convincing evidence that he is likely to reoffend, because the psychological evaluation weighs against such a finding and because Fulk's criminal history involved no other sexual offenses.
 {¶ 28} While the psychological evaluation is an important factor in the trial court's consideration, it is not determinative. Like expert testimony, which "even when uncontradicted, is not necessarily conclusive," the evaluation was to be considered in light of all other evidence. State v. Dickerson (1989), 45 Ohio St.3d 206, 210. In considering the psychological report in light of all the other evidence, the trial court relied on a finding that Fulk had a "moderate" risk of recidivating. While Fulk argues that a "moderate" risk of recidivism weighs against sexual predator classification, we find that the statute only requires a finding that the defendant is likely to engage in one or more sexually oriented offenses in the future. Thus, even with only a "moderate" risk of recidivism there was still a reasonable risk that Fulk would re-offend, at least one time, in the future. Therefore, we find a "moderate" risk of recidivism may be properly used as a factor for consideration in a sexual predator classification.
 {¶ 29} Fulk additionally asserts that while he did have a criminal history, none of his prior offenses were sexually oriented offenses. R.C. 2950.09(B)(3)(b) specifically states the a trial court is to consider "[t]he offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limitedto, all sexual offenses" (Emphasis added.) Thus, the trial court was required to consider Fulk's non-sexual criminal history.
 {¶ 30} Upon review of the record and the trial court's consideration of the statutory factors, we find sufficient evidence was presented to show by clear and convincing evidence that Fulk was likely to engage in one or more sexually oriented offenses in the future. As such, we find no error in the trial court's classification of Fulk as a sexual predator.
 {¶ 31} Accordingly, the second assignment of error is overruled.
 {¶ 32} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, J.J., concur.