OPINION
{¶ 1} Defendant-appellant, Donald L. Large ("Large"), appeals the judgment of the Hancock County Court of Common Pleas classifying him as a "sexual predator." Because ample evidence exists to find that classification is supported by clear and convincing evidence, we affirm.
 {¶ 2} In April 2003, Large lived with his wife and mother-in-law at his mother-in-law's home. A twenty-six year old woman lived at the home as well. On April 10, 2003, at approximately 2:30 a.m., Large lured the woman to the basement of the home under the pretext of showing her a room that he transformed into a work area. Once in the basement, Large, who was extremely intoxicated, made sexual advances toward the woman. The woman attempted to escape. But, when she was unable to do so, Large raped her at knife-point.
 {¶ 3} The Hancock County Grand Jury returned a four count indictment against Large. The indictment charged him with the following: two counts of rape, violations of R.C. 2907.02(A)(2) and felonies of the first degree; one count of kidnapping, a violation of R.C. 2905.01(A)(4) and a felony of the first degree; and one count of felonious assault, a violation of R.C.2903.11(A)(2) and a felony of the second degree. Each count contained a specification that Large had been convicted of robbery in the Commonwealth of Kentucky, and that Large was a repeat violent offender.
 {¶ 4} Large later entered into a plea agreement. Under the agreement, Large pled guilty to one count of rape, one count of kidnapping, and one count of felonious assault. In exchange, the prosecution dismissed the additional count of rape and each specification.
 {¶ 5} The trial court sentenced Large to a cumulative prison term of twelve years. But the trial court deferred the issue of whether to classify Large as a sexual predator until Dr. Timothy Wynkoop, Ph.D. ("Dr. Wynkoop") evaluated Large at the Court Diagnostic and Treatment Center (CDTC). Large consented to this delay and began serving his prison sentence immediately.
 {¶ 6} The trial court subsequently held a classification hearing. The parties introduced five joint exhibits at that hearing. Those exhibits included: Dr. Wynkoop's CDTC evaluation; a police report documenting the attack; a computerized print-out of Large's criminal history; a certified copy of a court order of conviction from the Commonwealth of Kentucky; and an institutional summary report. Several months later, the trial court issued a judgment entry classifying Large as a sexual predator.
 {¶ 7} It is from this decision that Large appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR Donald Large's due process rights were violated when the courtlabeled him a sexual predator, in the absence of clear andconvincing evidence to support that label.
 {¶ 8} In his sole assignment of error, Large argues the trial court erred when it found by clear and convincing evidence that he was "likely to engage in the future in one or more sexually oriented offenses." For the reasons that follow, we find Large's assignment of error lacks merit.
 {¶ 9} Chapter 2950 of the Revised Code sets forth three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually oriented offenders. State v.Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, 733 N.E.2d 502, at ¶ 9. As pertinent to this appeal, a "sexual predator" is "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1) (emphasis added). Rape is a "sexually oriented offense" within the meaning of R.C. 2950.01(E)(1). See R.C.2950.01(D)(1)(a).
 {¶ 10} In order to determine whether an offender is a sexual predator, the trial court must hold a classification hearing. R.C. 2950.09(B)(1). The trial court must also consider a non-exclusive list of factors under R.C. 2950.09(B)(3). Those factors include:
(a) The offender's * * * age;
 (b) The offender's * * * prior criminal or delinquency recordregarding all offenses, including, but not limited to, all sexualoffenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed or the order of disposition is tobe made;
 (d) Whether the sexually oriented offense for which sentenceis to be imposed or the order of disposition is to be madeinvolved multiple victims;
 (e) Whether the offender or delinquent child used drugs oralcohol to impair the victim of the sexually oriented offense orto prevent the victim from resisting;
 (f) If the offender * * * previously has been convicted of orpleaded guilty to * * * a criminal offense, whether the offender* * * completed any sentence or dispositional order imposed forthe prior offense or act and, if the prior offense or act was asex offense or a sexually oriented offense, whether the offender* * * participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender* * *;
 (h) The nature of the offender's * * * sexual conduct, sexualcontact, or interaction in a sexual context with the victim ofthe sexually oriented offense and whether the sexual conduct,sexual contact, or interaction in a sexual context was part of ademonstrated pattern of abuse;
 (i) Whether the offender * * *, during the commission of thesexually oriented offense for which sentence is to be imposed orthe order of disposition is to be made, displayed cruelty or madeone or more threats of cruelty;
 (j) Any additional behavioral characteristics that contributeto the offender's * * * conduct.
 {¶ 11} The trial court maintains discretion to decide how much weight to give to each factor. State v. Thompson (2001),92 Ohio St.3d 584, 752 N.E.2d 276, paragraph one of the syllabus. Rigid rules have no place in determining whether an offender is a sexual predator. State v. Robertson, 147 Ohio App.3d 94,2002-Ohio-494, 768 N.E.2d 1207, at ¶ 20. Instead, "courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." Id.
 {¶ 12} After reviewing the evidence and applicable factors, the trial court must determine whether the prosecution proved by clear and convincing evidence that the offender is a sexual predator. See R.C. 2950.09(B)(4); State v. Eppinger (2001),91 Ohio St.3d 158, 163, 743 N.E.2d 881. Clear and convincing evidence requires more than a mere preponderance of the evidence, but less than a finding of proof beyond a reasonable doubt.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, citing Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus. It is that degree of proof that will produce a firm belief or conviction as to the allegations sought to be established. Id.
 {¶ 13} On appeal, we must determine whether the manifest weight of the evidence satisfies the clear and convincing standard. Schiebel, 55 Ohio St.3d at 74. The question of whether manifest weight claims in sexual predator cases should be addressed under the civil standard set forth in C.E. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus, or the criminal standard discussed in State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, has not been uniformly resolved among Ohio's appellate districts.State v. Fulk, 3d Dist. No. 15-04-17, 2005-Ohio-2506, at ¶ 24, citing Robertson, 2002-Ohio-494, at ¶ 44. This court, however, has consistently applied the more stringent criminal standard. Id. As such, we will not overturn a trial court's decision to classify an offender as a sexual predator unless the trial court "clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed." Thompkins,78 Ohio St.3d at 387.
 {¶ 14} In this case, the trial court considered all of the factors under R.C. 2950.09(B)(3). The trial court also made detailed findings corresponding to each of those factors. For example, the trial court analyzed Large's extensive and violent criminal history, as well as the role Large's untreated alcoholism played in the rape.
 {¶ 15} Additionally, the trial court considered the exhibits introduced at the classification hearing. In particular, the trial court considered Dr. Wynkoop's CDTC evaluation, which provided Large had a "moderate risk" of re-offending over the next fifteen years. The evaluation ultimately suggested the trial court classify Large as a "sexual oriented offender," a designation less severe than "sexual predator."[1]
 {¶ 16} Despite Dr. Wynkoop's suggestion, the trial court classified Large as a sexual predator. In doing so, the trial court found by clear and convincing evidence that Large was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 17} Large argues the factors under R.C. 2950.09(B)(3) weigh against a determination that he is likely to re-offend. But like the trial court, we find the statutory factors substantiate that conclusion.
 {¶ 18} In support, we note Large's criminal history evidenced "an alarming, escalating pattern of violent behavior," Large's untreated alcoholism made him a danger to others, and Large persistently denied the events surrounding the rape. We also note Large exhibited extreme cruelty during the commission of the offense. Large choked the victim, forced himself on top of her, pulled her by her hair, pulled her down the basement steps when she attempted to escape, threatened to cut her, and held a knife to her face. Based on these facts, we believe ample evidence exists to find by clear and convincing evidence that Large is "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 19} Large further argues the trial court erred when it failed to discuss its reason for deviating from Dr. Wynkoop's suggested designation. Although a psychological evaluation is useful in determining whether to classify an offender as a sexual predator, such an evaluation is not determinative of that issue. See Fulk, 2005-Ohio-2506, at ¶¶ 27-28; Robertson,
2002-Ohio-494, at ¶¶ 38-40. Therefore, we find the trial court did not err when it considered, but did not follow, Dr. Wynkoop's evaluation. We further find the trial court's judgment entry discussed the decision to deviate from Dr. Wynkoop's suggestion with sufficient specificity in light of the entirety of the evidence presented in this case.
 {¶ 20} Given the foregoing, we conclude the trial court did not err when it classified Large as a "sexual predator." Accordingly, Large's sole assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J. and Shaw, J., concur.
[1] The term "sexually oriented offender" is not specifically defined in the Revised Code. Hayden, 2002-Ohio-4169, at ¶ 9. The Ohio Supreme Court has, however, defined a "sexually oriented offender" as a person who committed a "sexually oriented offense" under R.C. 2950.01(D) but does not fit the definition of a habitual sex offender or a sexual predator. Id.