DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Daugherty, appeals from the judgment of the Wayne County Court of Common Pleas which denied his motion to withdraw his guilty plea and sentenced him accordingly. This Court affirms.
 I. {¶ 2} On August 19, 2004, Appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(2) and one count of intimidation of a witness in violation of R.C. 2921.04(A). On August 25, 2004, Appellant pled not guilty to the charges. On the day his jury trial was set to go forward, May 5, 2005, Appellant sought to change his plea to guilty. Thereafter, the trial court held a hearing and accepted Appellant's guilty plea to the rape charge. As a part of the plea agreement, the State dismissed the intimidation charge.
 {¶ 3} On June 13, 2005, Appellant moved to withdraw his guilty plea. In his motion, Appellant asserted that he was innocent of the rape charge. The trial court held a hearing on Appellant's motion and heard the testimony of one witness, Appellant's son Michael Daugherty ("Michael"). Michael testified that the victim, W.L., admitted to him that she had set up Appellant. On cross-examination, however, Michael admitted that Appellant had attempted to pay him to lie and that his current testimony conflicted with the accounts he gave to officers early in the investigation. Following Michael's testimony and counsel's argument, the trial court denied Appellant's motion. The trial court then adjudicated Appellant a sexual predator and sentenced him to nine years incarceration. Appellant timely appealed, raising two assignments of error for review. For ease of analysis, we have rearranged Appellant's assignments of error.
 II. ASSIGNMENT OF ERROR II
"THE APPELLANT'S CRIMINAL RULE 11 WAIVER AT THE PLEA HEARING WAS NOT KNOWING AND VOLUNTARY AND SHOULD NOT HAVE BEEN ACCEPTED."
 {¶ 4} In his second assignment of error, Appellant contends that his guilty plea was not knowing and voluntary. This Court disagrees.
 {¶ 5} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." Statev. Engle (1996), 74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v.Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990),56 Ohio St.3d 106, 108.
 {¶ 6} To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). State v.Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing Engle, 74 Ohio St.3d at 527. Pursuant to Crim.R. 11(C)(2):
"In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
"The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473,479-80.
 {¶ 7} In determining whether the trial court complied with the constitutional requirements of Crim.R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]'" the court's acceptance of the guilty plea should be affirmed. State v.Anderson (1995), 108 Ohio App.3d 5, 9, quoting Ballard,
66 Ohio St.2d at paragraph two of the syllabus. In the instant matter, this Court finds that the trial court complied with Crim.R. 11.
 {¶ 8} In his argument, Appellant asserts the trial court erred in accepting his plea because during the colloquy he indicated that he could not read. Under the totality of the circumstances, however, we find no error in the trial court's determination that Appellant's plea was entered knowingly and voluntarily.
 {¶ 9} At the plea hearing, the Court first read the charge to which Appellant was pleading guilty. Appellant indicated that he understood the charge. The Court then explained the minimum and maximum terms, three to ten years, that accompanied the charge. Appellant affirmed that he understood the consequences of his plea. The Court then informed Appellant that prison time was mandatory for the offense and that he would be sentenced to at least three years in prison. For a third time, Appellant acknowledged that he understood the Court's explanation. The plea colloquy continued as follows:
The Court: "Have any promises been made to get you to plead guilty today?
Appellant: "No, sir.
The Court: "Any threats?
Appellant: "No, sir.
The Court: "All right, are you under the influence of any drugs or alcohol today?
Appellant: "No, sir.
The Court: "What is the extent of your education, Mr. Daugherty? Appellant: "I can't read at all."
The Court then re-explained the maximum penalty that Appellant could receive, informed him that he would be subject to post-release control, and explained the penalty for violating post-release control.
 {¶ 10} The Court continued its colloquy with Appellant by explaining that he had a right to a jury trial and that jurors were actually present so that he could proceed with a jury trial on that day. Appellant affirmed that he understood his right to a jury trial and then waived that right. The trial court then separately explained Appellant's rights to have the State prove its case beyond a reasonable doubt, his right to compel witnesses to testify, his right to confront witnesses, his right to cross-examine the State's witnesses, and his right to remain silent. Appellant indicated that he understood each of these rights and subsequently waived those rights.
 {¶ 11} Following the Crim.R. 11 colloquy, the court requested a brief summary of the facts from the State. The State explained that W.L. reported to officers that she had been sexually assaulted by her father, Appellant. W.L. indicated that Appellant had removed her clothing and digitally penetrated her while she struggled with him. W.L. indicated that during the struggle she hit Appellant, broke his glasses, and cut his nose. After the report, officers set up a controlled call during which Appellant apologized to W.L. and stated that it (the sexual contact) would never happen again. Officers then interviewed Appellant and noted that a cut on his nose was consistent with W.L.'s account of events. The Court then asked if Appellant had anything to add to the State's version of events. Appellant's counsel stated:
"I know Judge from talking with [Appellant] there is disagreement with the State's version as far as the amount of force used[,] but he does acknowledge there was some force used in this incident and that his finger digitally penetrated [W.L.,] other than that, he does not disagree with the State's facts."
The trial court then inquired of Appellant whether the above statement was accurate. Appellant indicated that his counsel's statement was correct.
 {¶ 12} Based upon our review of the plea hearing, we cannot say that the trial court erred in accepting Appellant's plea. Despite his statement that he was illiterate, Appellant indicated that he understood each of his rights, the nature of the charges against him, and separately agreed to waive each of his rights. Appellant went as far as to contest the extent of the State's facts, but admitted that the essential elements of the charge took place. There is no support in the record that Appellant's inability to read hampered his ability to knowingly and voluntarily enter his plea. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 13} In his first assignment of error, Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, Appellant asserts that the trial court erred in finding that he had not presented a reasonable and legitimate reason for the withdrawal. This Court disagrees.
 {¶ 14} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219,1223.
 {¶ 15} Crim.R. 32.1 permits a defendant to file a presentence motion to withdraw his plea. Although a presentence motion to withdraw a guilty plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Xie, 62 Ohio St.3d at 526. Moreover, "[a defendant] who enters a guilty plea has no right to withdraw it." Id. To prevail on a motion to withdraw a guilty plea a defendant must provide a reasonable and legitimate reason for withdrawing his guilty plea. State v. Dewille (Nov. 4 1992), 9th Dist. No. 2101, at *1, citing Xie,62 Ohio St.3d at 527; see, also State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10. Determining whether the defendant's reason is reasonable and legitimate also lies within the trial court's sound discretion. State v. Rosemark (1996),116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Quotations omitted). Xie, 62 Ohio St.3d at 525.
 {¶ 16} A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements were present: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the guilty plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. Rosemark,116 Ohio App.3d at 308. Although Appellant has not argued error under each of the three prongs of the test, we address all three prongs.
Competency of Counsel
 {¶ 17} An attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174. The record in the instant matter supports this presumption. Appellant has not alleged incompetent counsel and we have found no evidence that his counsel was ineffective. Moreover, at the hearing in which the trial court denied Appellant's motion to withdraw his guilty plea, the court noted as follows:
"[T]he Court believes the defendant was represented by highly competent counsel. The Court has had personal experience with [Appellant's counsel] in other major felony cases, both at trial and in guilty pleas and is aware of his reputation in adjoining counties * * * and is aware that he devotes a large amount of his practice to criminal defense."
Based on the foregoing, we will not disturb the trial court's conclusion that Appellant was represented by competent counsel. Accordingly, the first element of the Rosemark test is satisfied. See Rosemark, 116 Ohio App.3d at 308.
Full Hearing Before Entering Guilty Plea
 {¶ 18} As noted above in response to Appellant's second assignment of error, Appellant was given a full hearing prior to entering his guilty plea. During that hearing, the trial court complied with Crim.R. 11. See, supra, ¶ 7-12. The second prong of the Rosemark test, therefore, is satisfied. See Rosemark,116 Ohio App.3d at 308.
Full Hearing On Motion to Withdraw Plea
 {¶ 19} On June 17, 2005, the trial court held a hearing on Appellant's motion to withdraw his guilty plea. During the hearing, Appellant presented the testimony of his son Michael. During his direct testimony, Michael testified that the W.L. admitted to him that she had "set [Appellant] up." At no point in his direct testimony, however, did Michael state that W.L. told him that the rape had not occurred. Specifically, the following colloquy took place:
Q. "Did you discuss with her whether or not the rape occurred?
A. "I asked her about it and she didn't — as soon as I asked her about [it] she wanted to leave. She was at my house and she just wanted to leave. She didn't want to talk about anything."
 {¶ 20} On cross-examination, Michael testified as follows. Prior to Appellant's trial, Michael admitted to the police that he had been paid money to come to court and lie and testify that W.L. had made up the rape allegations. Michael also admitted that he told the officer that he had witnessed Appellant molest W.L. on two earlier occasions. Michael further testified that he had witnessed Appellant molest multiple other children while growing up. Finally, Michael admitted filing a police report against Appellant (his father) and his mother because they continued to call his home and harass him. Specifically, Michael indicated that his parents threatened to kill themselves if he didn't come to court and change his testimony.
 {¶ 21} Upon redirect examination, Michael was asked whether his testimony under direct examination was truthful. The trial court then informed Michael of his Fifth Amendment right against self-incrimination. Thereafter, Michael declined to answer any more questions.
 {¶ 22} Upon review of the record, this Court cannot say that the trial court abused its discretion in finding that Appellant did not present a reasonable and legitimate reason for withdrawing his plea. As noted above, the good faith and credibility of Appellant's assertions are properly judged by the trial court and this Court gives deference to that judgment. In the instant matter, we find the trial court's conclusion amply supported by the record. Appellant's sole witness, his son, admitted that he had previously been paid to lie on his father's behalf. At the hearing, Michael admitted that his statement to the police directly contradicted his current testimony. Finally, when asked whether he was being truthful, Michael declined to answer on the grounds that he could incriminate himself. Accordingly, we cannot say that the trial court erred in finding that Appellant's sole witness lacked credibility.
 {¶ 23} We find that the trial court provided the defendant with a full and fair hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. It is clear from the record that Appellant was provided an opportunity to present his arguments for withdrawing his guilty plea. Appellant's arguments were centered on his new claim of innocence and relied upon Michael's testimony. We find his arguments lacked merit. Michael's testimony lacked credibility and contradicted Appellant's own statements during the plea hearing that a rape had occurred on the date specified in the indictment. Appellant, therefore, did not offer any credible evidence or testimony to support his new claims of innocence. Rather, Appellant merely asserted in his motion that he had "made a terrible mistake by pleading guilty to a crime which he is adamant did not occur[.]" A mere "change of heart," however, does not constitute a legitimate basis for the withdrawal of a guilty plea. State v.Miller (July 19, 2000), 9th Dist. No. 99CA007334, at *1. Accordingly, the third prong of the test set forth in Rosemark
is satisfied. See Rosemark, 116 Ohio App.3d at 308. Appellant's first assignment of error, therefore, is overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. concur.