DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jess Brown ("Brown"), appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On January 5, 2006, Brown was indicted on one count of operating a vehicle under the influence of alcohol or drugs, in violation of R.C.4511.19, a felony of the fourth degree, one count of driving under financial responsibility law suspension or cancellation, in violation of R.C. 4510.16, a first degree misdemeanor, and one count of possession of marijuana, in violation of R.C. 2925.11, a minor midsdemeanor. Further, the indictment contained a specification *Page 2 
as to the operating under the influence charge under R.C. 2941.1413, finding that Brown had previously been convicted of or pled guilty to five or more offenses involving operating under the influence. Brown pled not guilty to these charges.
 {¶ 3} On November 22, 2006, Brown was again arrested for driving under the influence. Accordingly, his bond stemming from the previous charge was revoked and a supplemental indictment was filed, charging him for an additional count of operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree, one count of operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(2), a felony of the fourth degree, one count of driving under suspension, in violation of R.C. 4510.11, a first degree misdemeanor, one count of failure to stop at a stop sign, in violation of R.C. 4511.12, a minor misdemeanor, one count of driving under an OVI suspension, in violation of R.C. 4510.14, a first degree misdemeanor, and one count of negligent assault, in violation of R.C.2903.14, a third degree misdemeanor. The supplemental indictment contained a specification under R.C. 2941.1413, finding that Brown had been previously convicted of or pled guilty to five or more offenses involving operating under the influence of alcohol. On December 8, 2006, Brown pled not guilty to the charges in the supplemental indictment.
 {¶ 4} On December 27, 2006, Brown withdrew his not guilty plea and entered a guilty plea. The trial court accepted his plea and found Brown guilty of *Page 3 
the charges. On February 1, 2007, Brown's appointed counsel requested to withdraw from representation, stating that a conflict of interest had arisen. The trial court allowed counsel to withdraw and appointed new counsel to represent Brown. A sentencing hearing was set for February 27, 2007. On February 26, 2007, Brown filed a handwritten, pro se motion to withdraw his plea.[1]
 {¶ 5} A discussion regarding Brown's request to withdraw his plea was held prior to sentencing. The trial court, after noting that it had not received his written motion, allowed him to make an oral motion. Subsequently, the trial court denied this motion and sentenced Brown to a total of sixteen and a half years incarceration. Brown filed a timely notice of appeal, asserting two assignments of error for our review. We have rearranged Brown's assigned errors for ease of our review.
 II. ASSIGNMENT OF ERROR II *Page 4 "[BROWN'S] PLEA WAS NOT KNOWINGLY OR INTELLIGENTLY MADE, NOR WAS HE AFFORDED A FULL AND FAIR HEARING ON HIS MOTION TO WITHDRAW HIS PRE-SENTENCE PLEA BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 6} In his second assignment of error, Brown contends that his plea was not knowingly or intelligently made, nor was he afforded a full and fair hearing on his motion to withdraw his pre-sentence plea because of ineffective assistance of counsel. We do not agree.
 {¶ 7} To prevail on his claim, Brown must show that his "`counsel's performance was deficient.'" State v. Xie (1992), 62 Ohio St.3d 521,524, quoting Strickland v. Washington (1984), 466 U.S. 668, 687. Next, Brown must show that "`that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]'"Xie, 62 Ohio St.3d at 524, quoting Hill v. Lockhart (1985), 474 U.S. 52,59; see Strickland, 466 U.S. at 687. We read Brown's argument to be that his first counsel was ineffective for not informing him of the consequences of a guilty plea and that his second counsel was ineffective for failing to request a full and fair hearing on the issue. We do not agree with Brown's assertions.
 {¶ 8} We first note that Brown does not indicate in his brief nor cite this Court to any instance in the record to support his argument that his second *Page 5 
counsel's ineffectiveness denied him full and fair hearing on his motion to withdraw his plea. App.R. 16(A)(7) and Loc.R. 7(B)(6). He simply states that "[h]e should not be prejudiced further because an evidentiary hearing was not held and all the issues were not placed on the record by his second defense counsel." We also note that he has not supported this argument with citations to any legal authorities. Id. As such, we may disregard this portion of his assigned error. App.R. 12(A)(2). However, as we will fully discuss below, we find that the trial court did in fact hold a hearing on this issue, and that Brown's motion to withdraw was properly denied. Further, Brown did not argue below or to this Court that he had requested his second counsel to prepare a motion to withdraw his plea and that his counsel did not do so. As such, Brown cannot show that but for his second trial counsel's ineffectiveness, the outcome of his case would have been different. SeeStrickland, 466 U.S. at 687.
 {¶ 9} We next turn to Brown's argument that his first trial counsel was ineffective. It appears that Brown is arguing that his first trial counsel did not adequately explain the potential penalties to him. This argument is without merit.
 {¶ 10} During his change of plea hearing, Brown's counsel stated, referring to Brown, that "[h]e understands, to the best that I could understand, the potential penalties that he could be facing[.]" We note that Brown does not argue that he did not understand the potential penalties he was facing. Further, he does not argue that but for this alleged deficiency, he would not have pled guilty. He *Page 6 
appears to argue that his attorney was not fully conversant with the potential penalties he could be facing, and that he was prejudiced thereby. While it is not our duty to make an argument for him, assuming Brown had made these assertions, we find that the record does not support them. Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8.
 {¶ 11} The record reveals that at his change of plea hearing, Brown's trial counsel stated that he understood that he was giving up his right to a trial and his right to appeal his case. Further, in accordance with Crim.R. 11, the trial court informed Brown of the maximum sentence for each offense, reviewed the constitutional rights that he was waiving, and determined that he understood the proceedings and that he was not promised or offered anything in exchange for the plea. State v.Daugherty, 9th Dist. No. 05CA0058, 2006-Ohio-2684, at ¶ 6. It is clear from the dialogue that Brown felt he could question the court with regard to possible penalties. See id. at ¶ 7. In fact, when asked if he understood the trial court's explanation of the prospect of post-release control, Brown said no. The trial court then stated: "All right. After you serve your prison term, the Adult Parole Authority could monitor your behavior between three and five years. Do you understand that?" Brown said yes. The trial court further asked Brown if he was satisfied with his legal representation, and Brown answered in the affirmative.
 {¶ 12} Based on the above discussion, "we find that [Brown's] counsel was constitutionally effective and did not negatively affect the knowing and voluntary *Page 7 
nature of [Brown's] guilty plea." State v. Jeter, 6th Dist. No. E-06-054, 2007-Ohio-6127, at ¶ 9. Accordingly, Brown's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [BROWN'S] MOTION TO WITHDRAW HIS PLEA PRIOR TO SENTENCING BY NOT CONDUCTING A FULL AND FAIR HEARING."
 {¶ 13} In his first assignment of error, Brown contends that the trial court abused its discretion when it denied his motion to withdraw his plea prior to sentencing by not conducting a full and fair hearing. We do not agree.
 {¶ 14} "This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard." Daugherty, supra, at ¶ 14, citingXie, 62 Ohio St.3d at 526. We recognize that Crim.R. 31 permits a defendant to file a presentence motion to withdraw his plea. We also recognize that such a motion is generally "to be freely allowed and treated with liberality" by the trial court. Xie, 62 Ohio St.3d at 526. In any event, the decision to grant or deny such a motion is within the trial court's discretion.
 {¶ 15} When a defendant enters a guilty plea, he "has no right to withdraw it." Id. To prevail on a motion to withdraw his plea, Brown was required to "provide a reasonable and legitimate reason for withdrawing his guilty plea." Daugherty, supra, at ¶ 15, citing State v.Dewille (Nov. 4, 1992), 9th Dist. No. 2101, at *1. Whether Brown's stated reason was reasonable and legitimate was *Page 8 
within the trial court's discretion. As such, a reviewing court should defer to the trial court's judgment. Xie, 62 Ohio St.3d at 525.
 "A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements were present: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the guilty plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea." Daugherty, supra at ¶ 16, citing State v. Rosemark (1996), 116 Ohio App.3d 306, 308.
 {¶ 16} While the crux of Brown's argument goes to the third prong of the test, i.e., that he did not receive a full and fair hearing on his motion to withdraw, we will address all three prongs.
Competency of Counsel {¶ 17} An attorney who is properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174. We find that the record before us supports this presumption. Brown does not argue in his first assignment of error that his counsel was ineffective, but does make this assertion in his second assignment of error. Essentially, he contends that his first counsel was ineffective for failing to informing him of the consequences of a guilty plea. However, as we have discussed above, this argument has no merit. Further, the trial court noted that at his change of plea hearing, Brown, "without hesitation, told the court in its [Crim.R.] 11 colloquy, that he was satisfied with the legal representation that he had received from [his first attorney] in this case." The trial court also noted that *Page 9 
 "both attorneys that represented [Brown] have previously represented clients accused of felony crimes on numerous occasions and have appeared in this court on criminal cases for many years. [Brown's first attorney], in addition to attending numerous court proceedings and completing discovery in this case, also filed several motions on [Brown's] behalf [She] filed a motion to suppress, a motion to appoint an expert witness, and motions for several continuances to gather evidence and address [Brown's] health issues. * * * [Brown's second attorney] counseled with [Brown] at least six times prior to [Brown] being sentenced and reviewed sentencing issues with [Brown] in addition to filing a comprehensive sentencing brief on behalf of his client."
 {¶ 18} The record supports these statements. Based on the foregoing, we will not disturb the trial court's conclusion that Brown was represented by competent counsel. Accordingly, the first element of theRosemark test is satisfied. See Rosemark, 116 Ohio App.3d at 308.
Full Hearing Before Entering Guilty Plea {¶ 19} In determining whether the trial court complied with the constitutional requirements of Crim.R. 11(C)(2), we review the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]"` the court's acceptance of the guilty plea should be affirmed. State v. Anderson (1995), 108 Ohio App.3d 5, 9, quotingState v. Ballard (1981), 66 Ohio St.2d 473, 480. As we have set forth in our discussion of Brown's second assignment of error, we find that the trial court complied with Crim.R. 11. Therefore, the second prong of theRosemark test is satisfied. See Rosemark, 116 Ohio App.3d at 308. *Page 10 
Full Hearing on the Motion to Withdraw Plea {¶ 20} On February 27, 2007, Brown was present in the trial court for sentencing. Brown's second counsel explained to the trial court that he had previously met with Brown and Brown indicated that he wished to withdraw his plea. He stated that he had discussed this with Brown, and Brown, who still had an interest in going forward with his guilty plea, wanted to bring his desire to withdraw his plea to the attention of the trial court. The trial court noted for the record that this was the first time a withdrawal of plea had been mentioned to the court. Brown informed the court that he had filed a handwritten, pro se motion the day before. The trial court proceeded to allow Brown to make an oral motion to withdraw his guilty plea, noting that "pursuant to law, the Court has to have a hearing regarding the basis or the grounds that you are stating or the reasons you are stating for your motion." When asked to state on the record his claims with regard to his motion to withdraw his plea, Brown explained that he had entered a plea of guilty and that his first counsel had withdrawn from representation. He stated that he had filed a motion the previous day but that it must not have made its way to the trial court. He stated that he "wasn't really prepared to give any kind of speech on anything[,]" however, he stated that
 "I really haven't been represented in this case at all, Your Honor. I have seen [first counsel] two minutes before the court case. Every time I have been brought over, I have seen my attorney two minutes before I came before you. In fact, * * * when [second counsel] took over, when I first saw him, I didn't even know who he was. He didn't have my — he had a piece of paper with my name on it. No *Page 11 
record of what was going on with my case at the moment. And for him to represent me at the moment, he hasn't even had time really to see anything that I could do. And [first counsel] — I am not saying she's a bad attorney, but I haven't had anything that was good said about me. All that ever has been done so far is what the prosecution has done and nothing has been done in my defense at all."
 {¶ 21} The trial court then questioned Brown's second counsel, who stated that he had seen Brown six times at the jail since he was appointed approximately three weeks before. Further, Brown's second counsel stated that he has never refused to do anything that Brown asked him to do. He explained that he had gone over the indictment, the plea agreement, the State's sentencing brief, and the sentencing brief that he had prepared on Brown's behalf. The trial court determined that Brown did not present a legitimate and reasonable basis for withdrawing his plea and denied his oral motion.
 {¶ 22} Upon review of the record, this Court cannot say that the trial court abused its discretion in finding that Brown did not present a reasonable and legitimate reason for withdrawing his plea. As noted above, the good faith and credibility of Brown's assertions are properly judged by the trial court and this Court gives deference to that judgment. Xie, 62 Ohio St.3d at 525. We find that the trial court provided Brown with a full and fair hearing on the motion to withdraw his guilty plea and fully considered his arguments in support.
 {¶ 23} It is clear from the record that Brown was presented an opportunity to present his arguments. His argument was centered on his statements that his counsel did not spend enough time with him. We find that this argument lacks *Page 12 
merit. The trial court determined that Brown simply changed his mind about his plea. A mere "change of heart" does not constitute a legitimate basis for the withdrawal of a guilty plea. State v.Miller (July 19, 2000), 9th Dist. No. 99CA007334, at *1. Accordingly, the third prong of the Rosemark test is satisfied. SeeRosemark, 116 Ohio App.3d at 308.
 {¶ 24} As all three prongs of the Rosemark test have been satisfied, Brown's first assignment of error is overruled.
 III. {¶ 25} Brown's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 13 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. DICKINSON, J. CONCUR
[1] We note that Brown was represented by counsel when he filed his pro se motion. "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." State v. Martin,103 Ohio St.3d 385, 2004-Ohio-5471, at paragraph one of the syllabus. Accordingly, our review is limited to the oral motion made before the trial court. *Page 1