[Cite as *State v. West*, 2017-Ohio-8474.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28668 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON WEST | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2014-10-3052 |

DECISION AND JOURNAL ENTRY

Dated: November 8, 2017

HENSAL, Presiding Judge.

{¶1}   Jason West appeals a judgment of the Summit County Court of Common Pleas that dismissed his petition for post-conviction relief. For the following reasons, this Court affirms.

I.

{¶2}   Mr. West pleaded guilty to 17 counts of telecommunications harassment, one count of menacing by stalking, one count of obstruction of official business, two counts of intimidation of a crime victim or witness, and one count of intimidation. The trial court sentenced him to a total of 10 years imprisonment. This Court upheld his convictions on appeal, but vacated his sentence in part and remanded the matter so that the trial court could properly impose post-release control. Meanwhile, Mr. West petitioned for post-conviction relief, arguing that his trial counsel were ineffective, that he should be allowed to withdraw his guilty pleas, that he was deprived of the right to a fair and unbiased trial, and that a certain investigator should not

have been allowed to work on his case. The trial court dismissed Mr. West's petition, concluding that his claims were without merit and barred under the doctrine of res judicata. Mr. West has appealed, assigning five errors. We have rearranged and combined some of the assignments of error for ease of discussion.

II.

ASSIGNMENT OF ERROR II

COURT ERRED IN DENYING POST-CONVICTION RELIEF CLAIM FOR WITHDRAWAL OF GUILTY PLEA.

{¶3} Mr. West argues that his trial counsel's ineffectiveness deprived him of the opportunity to withdraw his plea before sentencing. He, therefore, argues that his petition for post-conviction relief should be granted and that he be allowed to withdraw his plea. "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶4} To prevail on a claim of ineffective assistance of counsel, Mr. West must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. West must show that there existed a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶5} According to Mr. West, before his sentencing hearing, he told his attorney that he wanted to withdraw his plea. His attorney allegedly spoke to the trial judge about it in chambers and was told that the request was denied and that Mr. West would have to raise the issue on appeal. Mr. West contends that, when he attempted to speak during the sentencing hearing, his attorney silenced him. He also contends that his appellate counsel refused to argue the issue on appeal because there was no record of the conversation in chambers and no motion to withdraw was made during the sentencing hearing. In support of his argument, Mr. West submitted an affidavit from his wife that corroborated Mr. West's recounting of his conversation with his attorney after the attorney spoke to the trial judge in chambers.

{¶6} We will begin by examining whether Mr. West was prejudiced by his counsel's representation because it is dispositive. Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court * * *." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. "At the same time, the extent of the trial court's exercise of discretion * * * is determined by the particular provisions that govern the motion the defendant is proceeding under * * *." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶

33. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "Nevertheless, * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* He must demonstrate that he has "a reasonable and legitimate basis for the withdrawal of the plea." *Id*.

{¶7} In his petition and appellate brief, Mr. West has not provided any explanation of the reason he wanted to withdraw his plea before the sentencing hearing. He has not alleged that he discovered some new information following his plea hearing or that the trial court did not comply with Criminal Rule 11(C) at that hearing. A mere change of heart is not a legitimate basis for the withdrawal of a guilty plea. *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23. Upon review of the record, we conclude that Mr. West has not established that there is a reasonable probability that the outcome of his proceeding would have been different if his lawyer had moved to withdraw his plea at the sentencing hearing. The trial court, therefore, did not abuse its discretion when it dismissed that part of his petition for post-conviction relief. Mr. West's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

COURT ERRED IN DENYING POST-CONVICTION RELIEF USING THE DOCTRINE OF RES JUDICATA.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED POST CONVICTION RELIEF MOTION IN REGARDS TO THE VIOLATION OF THE RIGHT TO A FAIR AND UNBIASED TRIAL BASED ON THE FACT THAT A VICTIM WAS ALLOWED TO REMAIN AS THE CHIEF INVESTIGATOR AND THE INVESTIGATOR WAS ALLOWED TO REMAIN AFTER THE OFFICE HE WAS EMPLOYED BY WAS REMOVED.

{¶8} In his first assignment of error, Mr. West argues that the trial court incorrectly determined that his arguments were barred under the doctrine of res judicata. Specifically, he

asserts that he could not have argued whether his trial counsel was ineffective for not moving to withdraw his plea on direct appeal because it relied on evidence that was outside the record. He also asserts that his argument regarding one of the investigators who worked on his case was not barred by res judicata. In his third assignment of error, Mr. West argues that the investigator should have been removed from his case because he was one of the victims of the alleged offenses and because he worked for the Summit County Prosecutor's Office, which had been ordered to recuse itself from the case.

{¶9} "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised * * * on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Regarding Mr. West's ineffective-assistance-of-counsel argument, we conclude that, because his argument was without merit for the reasons explained earlier, any error in the trial court's res judicata determination was harmless. *See* Civ.R. 61.

{¶10} Regarding Mr. West's investigator-recusal argument, Mr. West has not explained why he could not have made this argument on direct appeal. To the contrary, he acknowledges that "this was addressed with the recusal of the Summit County Prosecutors Office." He also acknowledges that "the matter of [the investigator] being a victim * * * was brought up in the direct appeal." Upon review of the record, we conclude that Mr. West has failed to establish that the trial court incorrectly determined that his argument that the investigator should have been removed was not barred under the doctrine of res judicata. The trial court, therefore, did not

abuse its discretion when it dismissed those parts of his petition for post-conviction relief. Mr. West's first and third assignments of error are overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED WHEN IT DENIED MOTION FOR POST CONVICTION RELIEF IN REGARDS TO THE VIOLATION OF RIGHTS THROUGH INEFFECTIVE ASSISTANCE OF BOTH COUNSELS.

{¶11} In his fifth assignment of error, Mr. West argues that both his first and second trial counsel were ineffective. Regarding his first attorney, Mr. West argues that, if the attorney had performed better, he would not have moved to withdraw his first guilty plea. His attorney, however, allegedly was unprepared for the size of the audience that was at his sentencing hearing, causing Mr. West to move to withdraw his plea. According to Mr. West, if he had not withdrawn his guilty plea at that time, he would not have faced the additional charges that were filed against him after he withdrew the plea. Regarding his second attorney, Mr. West argues that he failed to file a motion for change of venue because a fair trial was not possible in Summit County. He also argues that his attorney should have moved to have the lead investigator removed from his case. He further argues that his second attorney failed to go over discovery with him, failed to develop a defense, and failed to move to withdraw his plea at the sentencing hearing.

{¶12} Although Mr. West alleges that his attorney should have filed additional motions on his behalf, he has not demonstrated that there is a reasonable probability that any of them would have been granted. He has also not alleged that, but for his attorneys' deficient conduct, he would not have pleaded guilty to the charges filed against him. He also has not pointed to anything in the record that suggests that additional charges would not have been filed against him if he had not withdrawn his initial guilty plea. Even if those offenses had not been added to

this case in a supplemental indictment, they could have been filed against him in a separate action. Accordingly, upon review of the record, we conclude that Mr. West has not established that he was prejudiced by his attorneys' alleged deficiencies. The trial court did not abuse its discretion when it dismissed his petition for post-conviction relief with respect to any of these claims. Mr. West's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DENYING A MOTION FOR POST CONVICTION RELIEF WHICH CONTAINED SUFFICIENT EVIDENCE OF SUBSTANTIVE GROUNDS FOR THAT RELIEF WITHOUT HOLDING A HEARING.

{¶13} Mr. West also argues that the trial court should have held a hearing on his petition before dismissing it, citing Section 2953.21(C). Interpreting that section, the Ohio Supreme Court has explained that "[a]n evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶ 29. "A trial court has the discretion to deny a postconviction petition without discovery or an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate 'sufficient operative facts to establish substantive grounds for relief.'" *Id*., quoting *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. "To warrant an evidentiary hearing in a postconviction proceeding, a petitioner must submit evidence outside the record that sufficiently establishes that the petitioner is entitled to relief on one or more asserted constitutional grounds." *Id*.

{¶14} In support of his argument that the trial court should have held a hearing, Mr. West points to his ineffective assistance of counsel arguments and his argument about the investigator of his case. This Court has already determined that those arguments were either barred by res judicata or without merit. We, therefore, conclude that the trial court exercised

appropriate discretion when it declined to hold an evidentiary hearing on Mr. West's petition. Mr. West's fourth assignment of error is overruled.

III.

**{¶15}** Mr. West's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

JASON WEST, pro se, Appellant.

MIKE DEWINE, Attorney General, and MICAH R. AULT, Assistant Attorney General, for Appellee.