[Cite as *State v. Myers*, 2020-Ohio-4420.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE     )

STATE OF OHIO                      C.A. No.       19AP0039

     Appellee

     v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
JACOB MYERS                    COURT OF COMMON PLEAS
                                     COUNTY OF WAYNE, OHIO
     Appellant                  CASE No.      2018 CR-B 1469

DECISION AND JOURNAL ENTRY

Dated: September 14, 2020

CALLAHAN, Presiding Judge.

{¶1}   Defendant-Appellant, Jacob Myers, appeals from the judgment of the Wayne County Municipal Court.  This Court affirms.

I.

{¶2}   Mr. Myers punched another man in the face and broke a door frame as he left the man's residence.  As a result of the incident, he was charged with one count of assault and one count of criminal damaging.  He was appointed counsel, and the matter remained pending for many months owing, in part, to his failure to appear on several occasions and the withdrawal of more than one of his court-appointed attorneys.  Almost nine months after his arrest, he agreed to plead no contest to the charge of assault in exchange for the dismissal of his criminal damaging charge.  The trial court accepted his plea, ordered a pre-sentence investigation report, and scheduled the matter for sentencing.

{¶3} When Mr. Myers appeared with his counsel for sentencing, he informed the trial court that he wished to withdraw his plea. The court listened to his argument, but ultimately concluded that he had not set forth a reasonable and legitimate basis for withdrawing his plea. The court sentenced him to jail time and a fine.

{¶4} Mr. Myers now appeals from the trial court's judgment and raises two assignments of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY DENYING [MR.] MYERS' MOTION TO WITHDRAW PLEA.

{¶5} In his first assignment of error, Mr. Myers argues that the trial court abused its discretion when it denied his presentence motion to withdraw his plea. This Court disagrees.

{¶6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of * * * no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." There is no "absolute right" to withdraw a plea before sentencing. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. Nevertheless, motions filed before sentencing should be granted "freely and liberally." *Id.* at 527. A trial court must conduct a hearing to determine whether the defendant has demonstrated a "'reasonable and legitimate basis'" to withdraw the plea, but it is within the trial court's discretion to determine the nature and scope of that hearing. *State v. Benson*, 9th Dist. Summit Nos. 28527, 28577, 28578, 28579, 2017-Ohio-8150, ¶ 7, quoting *Xie* at paragraph one of the syllabus and *Lorain v. Price*, 9th Dist. Lorain No. 96CA006314, 1996 WL 556916, *2 (Oct. 2, 1996).

{¶7}   In every case, the defendant bears the burden of demonstrating that there is a reasonable and legitimate basis for withdrawing the plea.  *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶ 37, citing *State v. DeWille*, 9th Dist. Medina No. 2101, 1992 WL 323896, *1 (Nov. 4. 1992).   The determination of whether to grant a presentence motion to withdraw a plea is entrusted to the discretion of the trial court, and this Court reviews that decision for an abuse of discretion.  *See Xie* at paragraph two of the syllabus.  An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶8}   This Court has concluded that a trial court does not abuse its discretion by denying a presentence motion to withdraw a plea when:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the [no contest] plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the [no contest] plea, where the court considers the defendant's arguments in support of his motion to withdraw the [no contest] plea.

*State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10, citing *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist.1996).  Our review is also guided by considering prejudice that may be suffered by the State, the adequacy of representation afforded to the defendant, the character of the underlying plea hearing, the scope of the trial court's consideration of the motion to withdraw, the timing of the motion, the reasons articulated in the motion to withdraw, the defendant's understanding of the nature of the charges and the potential sentences, and whether the defendant may have been not guilty of the offense or had a complete defense. *State v. Wheeland*, 9th Dist. Medina No. 06CA0034-M, 2007-Ohio-1213, ¶ 12, quoting *State v. Fulk*, 3d Dist. Van Wert No. 15-04-17, 2005-Ohio-2506, ¶ 13, quoting *State v. Lewis*, 3d Dist.

Allen No. 1-02-10, 2002-Ohio-3950, ¶ 11. "A mere change of heart" does not justify the withdrawal of a plea. *State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 7, citing *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23.

{¶9} Mr. Myers informed the trial court at his sentencing hearing that he wished to withdraw his no contest plea. He stated that he wanted to do so because, since his plea hearing, he had incurred new criminal charges and believed they would "bias [his] sentencing" and influence the trial court's decision. He also claimed that he had not been "thinking very rationally" at his plea hearing and had felt "desperate and hopeless." Mr. Myers indicated that he felt he had a strong defense and that he wanted the opportunity to contest his assault charge at trial.

{¶10} The trial court acknowledged that presentence motions to withdraw are to be freely and liberally granted, but found that Mr. Myers had not set forth any legitimate reason for withdrawing his plea. The court noted that the case had been pending for a significant length of time, that several attorneys had reviewed it, and that incarcerated witnesses had even been transported for trial only to have it continued. The court found that Mr. Myers had received a benefit from his plea bargain, given that one of his counts was dismissed. It also found that it had spent significant time ensuring that he understood the rights he was waiving and that he was knowingly, intelligently, and voluntarily entering his plea. The court concluded that Mr. Myers had not set forth a reasonable and legitimate basis for withdrawing his plea. Accordingly, it denied his motion.

{¶11} Mr. Myers argues that the trial court abused its discretion when it denied his motion to withdraw because he set forth reasonable and legitimate grounds in support of his motion. Those grounds included the fact that he was not thinking clearly when he entered his plea and that, if permitted to go to trial, he would have proven that he acted in self-defense. According to Mr.

Myers, his attorney failed to adequately represent him at the sentencing hearing because she did not argue his motion to withdraw on his behalf. Further, he argues, the court failed to conduct a full hearing on his motion to withdraw. Because he set forth a valid basis for the withdrawal of his plea, Mr. Myers claims, his presentence motion ought to have been freely granted.

{¶12} During the plea hearing, the trial court conducted a full colloquy with Mr. Myers pursuant to Crim.R. 11. It reviewed the maximum potential sentence that he faced as well as his constitutional and non-constitutional rights. It also reviewed what the terms knowingly, intelligently, and voluntarily meant and asked Mr. Myers whether he was entering his plea on that basis. Mr. Myers indicated that he understood the charges against him, the potential penalties he faced, and all the rights he would be waiving by pleading no contest. In addition to verbally responding that he understood each of those rights, he executed a written waiver of his rights as well as a written waiver of his right to a jury trial. At no point did he indicate that he was hesitant to enter his plea or that he needed additional time to consult with his attorney. At no point did he indicate that he was dissatisfied with his attorney's advice or representation. Rather, it appears that he later changed his mind about his plea because he felt the court would take his new charges into account in fashioning his sentence.

{¶13} As noted, "[a] mere change of heart" does not justify the withdrawal of a plea. *West*, 2017-Ohio-8474, at ¶ 7, citing *Brown*, 2007-Ohio-7028, at ¶ 23. The record reflects that Mr. Myers was provided a full hearing on his plea with the benefit of competent counsel, as well as an opportunity to present arguments on his motion to withdraw. *See Pamer*, 2004-Ohio-7190, at ¶ 10, citing *Rosemark*, 116 Ohio App.3d at 308. It further reflects that he pleaded no contest with a full understanding of the rights he was waiving. The fact that the trial court may have taken his new criminal charges into account in fashioning his sentence is inapposite, as Mr. Myers was aware

of the maximum potential sentence he faced when he agreed to plead no contest. Because Mr. Myers failed to establish a reasonable and legitimate basis for the withdrawal of his plea, the trial court did not abuse its discretion when it denied his presentence motion. *See Jones*, 2012-Ohio-6150, at ¶ 37. *See also State v. Withrow*, 9th Dist. Medina No. 20CA0016-M, 2020-Ohio-3543, ¶ 11. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

[MR.] MYERS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶14} In his second assignment of error, Mr. Myers argues that he received ineffective assistance of counsel. Specifically, he claims that he was prejudiced when his attorney failed to present the trial court with an argument in favor of his presentence motion to withdraw his plea. This Court rejects his argument.

{¶15} This Court must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland*, 466 U.S. at 687. A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the proceedings would have been different. *Id.* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.

{¶16} At his sentencing hearing, Mr. Myers' attorney indicated that she did not have anything to add on behalf of her client, but that Mr. Myers wished to address the court. Mr. Myers

then personally addressed the court, asking to withdraw his plea and setting forth his arguments in support of his request. Mr. Myers argues that he received ineffective assistance of counsel because his attorney ought to have argued his motion on his behalf. He notes that his attorney failed to make a single argument in support of his motion. Had his attorney presented an argument on his behalf, Mr. Myers argues, there is a reasonable probability that the outcome of the proceedings would have been different.

{¶17} Upon review, Mr. Myers has not established prejudice as a result of his attorney's performance. *See id.* at 687. Mr. Myers was represented by counsel at the time he entered his no contest plea, he was afforded a full hearing on his plea, and the trial court afforded him the opportunity to present his arguments in favor of his motion to withdraw. *See Pamer*, 2004-Ohio-7190, at ¶ 10, citing *Rosemark*, 116 Ohio App.3d at 308. The record reflects that he knowingly, intelligently, and voluntarily entered into his plea and merely experienced a change of heart at sentencing. The record does not support his contention that, had his attorney argued his motion on his behalf, there is a reasonable probability that the outcome of the proceedings would have been different. *See West*, 2017-Ohio-8474, at ¶ 7. As such, his second assignment of error is overruled.

### III.

{¶18} Mr. Myers' assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

WESLEY JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.