[Cite as *State v. Gonzalez*, 2019-Ohio-4882.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CARLOS A. GONZALEZ

    Appellant

C.A. No.     29018

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2017-03-0831

DECISION AND JOURNAL ENTRY

Dated: November 27, 2019

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Carlos A. Gonzalez, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}    Mr. Gonzalez pled guilty to: (1) having weapons while under disability, a felony of the third degree; (2) trafficking in cocaine, a felony of the fifth degree, with a forfeiture specification; and (3) failure to comply with an order or signal of a police officer ("failure to comply"), a felony of the third degree. The remaining counts in the indictment were dismissed. The trial court sentenced Mr. Gonzalez to three years in prison for having weapons while under disability, to be served concurrently with one year in prison for trafficking in cocaine. The court further sentenced him to three years in prison for failure to comply, to be served consecutively. The court then ordered Mr. Gonzalez's sentence to be served concurrently with the sentence

imposed in a separate case, for a grand total of six years in prison. $417.00 was ordered forfeited.

{¶3} Mr. Gonzalez now appeals from the trial court's judgment and raises one assignment of error for this Court's review.

II.

**<u>ASSIGNMENT OF ERROR</u>**

BECAUSE THE TRIAL COURT JUDGE DID NOT ADVISE THE DEFENDANT THAT ANY PRISON SENTENCE IMPOSED FOR A VIOLATION OF R.C. 2921.331 MUST BE SERVED CONSECUTIVELY, CARLOS GONZALEZ'S GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶4} In his sole assignment of error, Mr. Gonzalez argues that his guilty plea for failure to comply was not knowingly, intelligently, and voluntarily made because the trial court failed to substantially comply with Crim.R. 11 and notify him that any prison sentence imposed must be run consecutively to any other prison sentence imposed. We agree.

{¶5} "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Id.* Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a guilty plea to a felony offense without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *." Although trial courts are usually not required to advise defendants at the time of their plea that consecutive sentences may be imposed, "[w]hen a statute requires that sentences be served consecutively, the consecutive

nature 'directly affects the length of the sentence, thus becoming a crucial component of what constitutes the "maximum" sentence.'" *State v. Bailey*, 9th Dist. Summit Nos. 28003, 28004, and 28005, 2016-Ohio-4937, ¶ 11-13, quoting *State v. Norman*, 8th Dist. Cuyahoga, No. 91302, 2009-Ohio-4044, ¶ 7. *See also State v. Ricks*, 53 Ohio App.2d 244, 246-247 (9th Dist.1977) ("Such an understanding should include information as to whether defendant is eligible for consecutive or concurrent sentences."). "In that situation, the trial court must inform the defendant of the consecutive nature of the sentence, as it is part of the maximum penalty." *Bailey* at ¶ 13.

{¶6} The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11 in order to avoid committing error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29. "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Id.* at ¶ 30. Crim.R. 11(C)(2)(a) addresses nonconstitutional rights, and trial courts must substantially comply with the Crim.R. 11 notification requirements for nonconstitutional rights. *Farnsworth* at ¶ 5; *Clark* at ¶ 31-32. To substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule. *Id.* at ¶ 32. A trial court's complete failure to comply with Crim.R. 11 requires the plea to be vacated, but if the court partially complied with the rule the defendant must demonstrate

prejudice for the plea to be vacated. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

**{¶7}** Mr. Gonzalez pled guilty to several charges, including failure to comply with an order or signal of a police officer, a felony of the third degree, and was sentenced to prison. *See* R.C. 2921.331(B) and (C)(5). Pursuant to R.C. 2921.331(D), if sentenced to prison for this violation, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

**{¶8}** The right to be informed of the maximum penalty for a crime is a nonconstitutional right, so a review of the plea hearing transcript is necessary to determine whether there was substantial compliance with Crim.R. 11. *Bailey* at ¶ 14. During Mr. Gonzalez's plea hearing, the prosecutor explained the plea agreement reached by the parties and stated she would "cap" her sentence recommendation for all cases at seven years in prison. During the plea colloquy, the trial court individually explained the charges Mr. Gonzalez would be pleading guilty to, and explained the maximum penalties for each. The court asked if he understood each charge and each maximum penalty, and Mr. Gonzalez affirmed that he did understand the court's explanations for each offense. The court did not, however, ask whether Mr. Gonzalez understood that, if he was sentenced to prison, his sentence for failure to comply would be run consecutively to any other prison term imposed, in accordance with R.C. 2921.331(D). *See Bailey* at ¶ 15. After the court accepted his guilty pleas and found him guilty, Mr. Gonzalez and his attorney interrupted the court while it was ordering a pre-sentence investigation report:

> THE DEFENDANT: I'm sorry, Judge, I don't mean to interrupt you. We have like a - -
>
> (Discussion held between Mr. Reed and the defendant)

MR. REED: I believe it's a 9- to 36-month sentence, so the judge can fashion a - - the concern was it's mandatory consecutive on the willful fleeing.

And I know we haven't gotten to sentencing, but whether we do three, four, five, six, or up to seven, his concern was judicial release eligibility with a consecutive sentence. But it doesn't have to be three years. It could be nine months, because we have other charges that you could fashion in some manner to get to whatever number of years you'll eventually impose.

MS. MISRA: It's also not mandatory time; it's just mandatory consecutive. So if he fashions something less than - -

MR. REED: Yeah, he could - -

(Discussion held between Mr. Reed and the defendant)

MR. REED: He can give you nine months consecutive to some other number on the other charges. So we'll be able to work around that.

THE DEFENDANT: Earlier you spoke about this and said it was going to be a misdemeanor. That's why - -

MS. MISRA: No, that was not - -

MR. REED: No, they didn't agree to that.

MS. MISRA: I didn't agree to that. That was way, way earlier.

THE DEFENDANT: I was just a little bit - - a little confused on that, and I just wanted to be clear.

{¶9} The State argues that it is therefore "clear" from the record that Mr. Gonzalez was aware he faced a maximum three-year prison term for failure to comply, which would run consecutive to any other sentence if prison was imposed. Yet, the above exchange only indicates, at best, the attorneys' understanding of the mandatory consecutive nature of Mr. Gonzalez's sentence for failure to comply. In fact, Mr. Gonzalez openly admitted his confusion on the record and indicated his belief that the failure to comply charge would be a misdemeanor offense. More importantly, statements from the prosecutor and defense counsel are not an

adequate substitute for the trial judge's obligation to address the defendant "personally" to ensure that he understands the maximum penalty he is facing. *See Bailey* at ¶ 16, citing Crim.R. 11(C)(2)(a). *See also State v. Anderson*, 108 Ohio App.3d 5, 12 (9th Dist.1995) (determining a defendant's receipt of information from attorneys does not obviate need for dialogue with the trial court).

{¶10} The trial court here failed to properly ensure that Mr. Gonzalez understood that any prison sentence imposed for failure to comply would be run consecutively to any other prison sentence imposed, pursuant to R.C. 2921.331(D). *See Bailey* at ¶ 17. Because the court wholly neglected to inform Mr. Gonzalez of the mandatory consecutive nature of his sentence for failure to comply, the court not only failed to substantially comply with Crim.R. 11, it failed to partially comply with the rule as well, and no prejudice analysis is therefore required. *See Clark* at ¶ 32. Accordingly, we must vacate Mr. Gonzalez's plea for failure to comply and remand the matter back to the trial court for further proceedings. *See id.*

{¶11} Mr. Gonzalez's sole assignment of error is sustained.

III.

{¶12} Mr. Gonzalez's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

BARBARA J. ROGACHEFSKY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.