[Cite as *State v. Tancak*, 2022-Ohio-880.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 21CA011725 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUSTIN TANCAK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 16CR095272 |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant Justin Tancak appeals from the judgment of the Lorain County Court of Common Pleas. For the following reasons, this Court affirms in part, reverses in part, and remands for further proceedings consistent with this decision.

I.

{¶2} On November 23, 2016, a grand jury indicted Mr. Tancak on eight counts. All eight counts stemmed from a motorcycle crash in which Mr. Tancak was driving the motorcycle and his passenger was killed. The grand jury indicted Mr. Tancak on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a felony of the third degree; one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree; one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree; one count of operating a vehicle while

under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; one count of operating a vehicle while under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(A)(1)(f), a misdemeanor of the first degree; one count of operating a vehicle while under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(B)(1), a misdemeanor of the first degree; and one count of willful or wanton disregard of the safety on highways in violation of R.C. 4511.20(A), a minor misdemeanor.

{¶3} Mr. Tancak entered a plea of not guilty to the charges contained in the indictment. He filed a motion to suppress that, following a hearing on the matter, the trial court denied.

{¶4} On August 10, 2018, Mr. Tancak appeared before the trial court for a change of plea hearing. At that hearing, Mr. Tancak entered a plea of guilty to all of the charges contained in the indictment. The trial court scheduled a sentencing hearing and, on September 21, 2018, sentenced Mr. Tancak. The trial court sentenced Mr. Tancak to a term of seven years of imprisonment for count one of the indictment, the aggravated vehicular homicide charge; and two years of imprisonment for count three of the indictment, the failure to comply with an order or signal of police officer charge. Mr. Tancak was also sentenced to 180 days of imprisonment for operating a vehicle while under the influence of alcohol and/or drug of abuse, to be served concurrently with the other sentences. Pursuant to statute, the time that the trial court sentenced for failure to comply with an order or signal of a police officer had to be served consecutively to the other time sentenced.

{¶5} Nearly three years later, on February 18, 2021, Mr. Tancak moved this Court for permission to file a delayed appeal, arguing that his delay was reasonable because the trial court failed to notify him of his right to file an appeal at sentencing. The State did not file a response

in opposition to Mr. Tancak's motion. Upon review, this Court granted Mr. Tancak's motion and counsel was appointed for him.

{¶6} Mr. Tancak now assigns two errors for this Court's review.

### ASSIGNMENT OF ERROR I

**THE COURT ERRED WHEN IT FAILED TO NOTIFY MR. TANCAK THAT THE SENTENCES IMPOSED WOULD RUN CONSECUTIVE PURSUANT TO A STATUTORY REQUIREMENT AT THE TIME OF THE PLEA, THEREFORE, THE PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY.**

{¶7} In his first assignment of error, Mr. Tancak argues, and the State concedes, that the trial court erred during the plea hearing when it failed to advise Mr. Tancak there was a statutory requirement that any sentence imposed for failure to comply with an order or signal of a police officer would be served consecutively, and not concurrently, with any other sentence imposed. For the following reasons, we agree, and vacate the trial court's judgment as to that count.

{¶8} A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea.

{¶9} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11 in order to avoid committing error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29. "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the

defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Id*. at ¶ 30.

{¶10} Crim.R. 11(C)(2)(a) addresses nonconstitutional rights, and trial courts must substantially comply with the Crim.R. 11 notification requirements for nonconstitutional rights. *See State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 5; *Clark* at ¶ 31-32. To substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule. *Id*. at ¶ 32. A trial court's complete failure to comply with Crim.R. 11 requires the plea to be vacated, but if the court partially complied with the rule the defendant must demonstrate prejudice for the plea to be vacated. *Id*. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*., quoting *Nero* at 108.

{¶11} The right to be informed of the maximum penalty for a crime is a nonconstitutional right, so a review of the plea hearing transcript is necessary to determine whether there was substantial compliance with Crim.R. 11. *See State v. Gonzalez*, 9th Dist. Summit No. 29018, 2019-Ohio-4882, ¶ 8; *State v. Bailey*, 9th Dist. Summit Nos. 28003, 28004, and 28005, 2016-Ohio-4937, ¶ 14.

{¶12} Here, Mr. Tancak pled guilty to several charges, including failure to comply with an order or signal of a police officer, a felony of the third degree, and was sentenced to prison. *See* R.C. 2921.331(B) and (C)(5). Pursuant to R.C. 2921.331(D), if sentenced to prison for this violation, "the offender shall serve the prison term consecutively to any other prison term or

mandatory prison term imposed upon the offender." During the plea colloquy, the trial court individually explained the charges Mr. Tancak would be pleading guilty to and explained the maximum penalties for each. The court asked if he understood each charge and each maximum penalty, and Mr. Tancak affirmed that he did understand the court's explanations for each offense. The court did not, however, ask whether Mr. Tancak understood that, if he was sentenced to prison, his sentence for failure to comply with an order or signal of a police officer would run consecutively to any other prison term imposed, in accordance with R.C. 2921.331(D). *See Gonzalez* at ¶ 8; *Bailey* at ¶ 15. Additionally, on the written plea that Mr. Tancak signed, under the space where a mandatory consecutive sentence was to be indicated, the word "no" was written into the space. The trial court here failed to properly ensure that Mr. Tancak understood that any prison sentence imposed for failure to comply would run consecutively to any other prison sentence imposed, pursuant to R.C. 2921.331(D). *See Gonzalez* at ¶ 8; *Bailey* at ¶ 17.

{¶13} Because the court wholly neglected to inform Mr. Tancak of the mandatory consecutive nature of his sentence for failure to comply with an order or signal of a police officer, the court not only failed to substantially comply with Crim.R. 11, but it also failed to partially comply. Therefore, no prejudice analysis is required. *See Gonzalez* at ¶ 10; *Clark* at ¶ 32. Accordingly, we must vacate Mr. Tancak's plea for failure to comply with an order or signal of a police officer and remand the matter back to the trial court for further proceedings. *See Id.*

{¶14} Mr. Tancak's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

**MR. TANCAK'S ENTIRE PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11(C).**

{¶15} In his second assignment of error, Mr. Tancak argues that his plea of guilty to the other seven counts must also be invalidated because he "pled guilty to these counts as a larger plea agreement" and that because of the trial court's failure to inform him of the mandatory consecutive nature of the failure to comply charge, his plea to the remaining seven counts was also not made knowingly, intelligently, and voluntarily.

{¶16} In response, the State asserts that Mr. Tancak's plea was not part of a larger plea agreement, and, therefore, principles of contract law that are applicable to the interpretation and enforcement of plea agreements are not applicable in this case. The State also points to several cases where courts have held that counts in an indictment are independent of one another. The State concedes that while his plea is invalid for the failure to comply with an order or signal of a police officer count, it does not affect Mr. Tancak's plea to the remaining counts of the indictment.

{¶17} A review of the record indicates that Mr. Tancak's plea was not the result of any plea agreement between Mr. Tancak and the State. The transcript of the plea hearing indicates that the State began the hearing by informing that trial court that "there are absolutely no agreements regarding sentencing." The fact that no plea agreement between Mr. Tancak and the State existed is significant. Because a plea agreement does not exist, there is nothing in the record to bind the charges Mr. Tancak pled guilty to together. The cases that Mr. Tancak cites to are cases that involve a plea agreement between the State and a defendant. No such plea agreement exists in this case, therefore, this Court is not required to "apply contract law principles" as Mr. Tancak argues. Further, Mr. Tancak does not point to any precedent requiring this Court to vacate his plea to the remaining counts of the indictment. Therefore, because no

plea agreement existed, Mr. Tancak's argument for the application of contract law principles to his plea is not well taken.

{¶18} Several lines of cases stand for the proposition that counts of an indictment are independent of one another. The United States Supreme Court has held that "although distinct offences [are] charged in separate counts in one indictment, they nevertheless [retain] their separate character to such an extent that error or failure as to one [has] no essential influence upon the other." *Selvester v. U.S.*, 170 U.S. 262, 269 (1898). Each count "is regarded as if it was a separate indictment." *U.S. v. Powell*, 469 U.S. 57, 63 (1984), citing *Selvester* at 266.

{¶19} In *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, the Ohio Supreme Court concluded that each count of an indictment charges a complete offense; the separate counts of an indictment are not interdependent, but are, and necessarily must be, each complete in and of itself. In *Saxon*, the Supreme Court also discussed the separate nature of counts in an indictment when it addressed the application of the "sentence package" doctrine in Ohio. *Id.* at ¶ 21. The court rejected the notion that a "sentence" is the combination of the penalties for all counts. *Id.* The court reasoned that, under a package theory, the reversal of a single count would "require the sentencing judge to reconsider the sentences for every other offense, even if the defendant pleaded guilty to 100 counts. No purpose can be served by forcing a sentencing judge to revisit properly imposed, lawful sentences based upon an error in the sentence for a separate offense." *Id.*

{¶20} In *State v. Maggard*, 1st Dist. Hamilton No. C-100788, 2011-Ohio-4233, our sister district considered a factually similar case. In that case, Mr. Maggard pled no contest to six counts of rape, four counts of kidnapping, and four counts of abduction. *See Maggard* at ¶ 1. The First District found that the trial court did not substantially comply with Crim.R. 11 with

respect to the six counts of rape but noted that there was no binding precedent that required the court to vacate the plea with respect to the kidnapping and abduction counts where no plea agreement existed. *Id*. at ¶ 17-18. Because no plea agreement existed between the State and Mr. Maggard, the First District concluded that "errors that inured to only some of the counts do not automatically result in the reversal of the pleas on all counts, absent some showing that the defect should be treated more broadly." *Id*. at ¶ 22.

{¶21} We agree with our sister district's holding in *State v. Maggard*. Here, the record is void of a plea agreement between Mr. Tancak and the State that would unify Mr. Tancak's plea to all of the charges against him. We find that while the trial court erred with respect to Mr. Tancak's plea to failure to comply, Mr. Tancak has not shown that the defect, as to that charge, should be treated more broadly. Mr. Tancak argues that he was prejudiced because he would not have entered the guilty pleas to all charges if he knew that the sentence for one would be consecutive. But Mr. Tancak fails to acknowledge the possibility that the trial court had the discretion to sentence him to consecutive sentences on *all* of the charges on which the trial court imposed prison time. Mr. Tancak did acknowledge this in his written plea when he placed the word "yes" next to a line that acknowledged "[p]rison terms for multiple charges, even though not mandatory consecutive, may, nonetheless, be imposed consecutively by the court."

{¶22} Accordingly, Mr. Tancak's second assignment of error is overruled.

III.

{¶23} For the reasons stated above, Mr. Tancak's first assignment of error is sustained and his second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part, and remanded for further
proceedings consistent with this decision.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

———————————————————
BETTY SUTTON
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.