[Cite as *State v. Gove*, 2025-Ohio-701.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MATTHEW GOVE

    Appellant

C.A. Nos.    24CA012079
                24CA012123

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    22CR105957
                23CR108211

DECISION AND JOURNAL ENTRY

Dated: March 3, 2025

---

HENSAL, Judge.

{¶1}    Matthew Gove appeals his convictions by the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    Mr. Gove pleaded guilty in two cases. In the first case, he pleaded guilty to trafficking in fentanyl, possession of fentanyl, failure to comply with an order or signal of a police officer, obstructing official business, driving while under suspension, and resisting arrest. In the second case, he pleaded guilty to driving under suspension and two counts of failure to comply with an order or signal of a police officer. During the plea hearing, the trial court informed Mr. Gove that the maximum prison sentence he could receive in one case was sixteen months and the maximum prison sentence he could receive in the other case was six years. The trial court also told him that "any time received for failure to complies must be served consecutive to any other

prison sentence" that he received. The trial court later asked, "Do you understand that because you are pleading guilty to more than one offense, I could run those sentences consecutive, meaning one right after the other, or concurrently, meaning at the same time; however, the failure to complies must run consecutively, as we've already discussed?" Mr. Gove indicated that he understood. The trial court ordered a presentence investigation and reminded Mr. Gove that he had to appear for sentencing to gain the benefit of the agreed sentence.

{¶3} Mr. Gove, however, did not appear for sentencing. Almost six months later, after he had been taken into custody, the trial court rescheduled his sentencing hearing. The day before the hearing, Mr. Gove moved to withdraw his guilty plea, arguing that his brother – who was prosecuted in federal court for the same course of conduct – had received a lighter sentence. The trial court denied the motion to withdraw and proceeded to sentencing. The trial court noted that Mr. Gove's sentence "would be considerably less" if he had appeared for sentencing. In the first case, the trial court merged his drug-related convictions and sentenced him to four to six years in prison and sentenced him to a mandatory consecutive prison term of twelve months for failure to comply for a stated term of seven years in prison. The trial court also sentenced him to thirty days in jail, with credit for time served, on a misdemeanor conviction. In the second case, the trial court merged his failure-to-comply convictions and sentenced him to twelve months in prison and thirty days in jail, with credit for time served, on his misdemeanor conviction.

{¶4} As required by Revised Code Section 2921.331(D), the trial court ordered Mr. Gove's prison terms for failure to comply in each case to be served consecutively to his other prison terms in both cases. Consequently, Mr. Gove was sentenced to a total of six to eight years in prison. Mr. Gove appealed, assigning two errors that are rearranged for ease of disposition.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT FAILED TO COMPLY WITH CRIM. R. 11 BY ACCEPTING APPELLANT'S GUILTY PLEAS WITHOUT PROPER ADVISEMENT OF MANDATORY CONSECUTIVE SENTENCING AND A PUNITIVE COLLATERAL CONSEQUENCE IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS.

**{¶5}** Mr. Gove's second assignment of error is that his guilty plea was not knowing, voluntary, and intelligent because the trial court did not inform him of the maximum penalties that he faced. This Court does not agree.

**{¶6}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In Ohio, the process for accepting pleas of guilty or no contest to felony charges is governed by Criminal Rule 11(C). *State v. Veney*, 2008-Ohio-5200, ¶ 8. Rule 11(C)(2) sets forth the colloquy that the trial court must engage in with the defendant, and it requires, in part, that the trial court determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ." Crim.R. 11(C)(2)(a). This requirement of Rule 11(C) is not constitutional. *See State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *Veney* at ¶ 19 (identifying the constitutional requirements of Rule 11). *See also State v. Tancak*, 2022-Ohio-880, ¶ 11 (9th Dist.).

**{¶7}** When considering whether a plea was knowing, voluntary, and intelligent, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of

prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17. With respect to compliance, this Court does not focus on whether the trial court recited the terms of the Rule precisely, "but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea . . . ." *Id*. at ¶ 12.

{¶8} Mr. Gove has argued that the trial court failed to inform him about the maximum penalty that he faced in two respects: by failing to inform him that the prison terms that he received for failure to comply must be served consecutive to other prison terms in both cases and by neglecting to inform him that his sentence would include a mandatory class 2 driver's license suspension. This Court has concluded that "[w]hen a statute requires that sentences be served consecutively, the consecutive nature 'directly affects the length of the sentence, thus becoming a crucial component of what constitutes the "maximum" sentence.'" *State v. Bailey*, 2016-Ohio-4937, ¶ 13 (9th Dist.), quoting *State v. Norman*, 2009-Ohio-4044, ¶ 7 (8th Dist.). *See also Tancak* at ¶ 11-13; *State v. Gonzalez*, 2019-Ohio-4882, ¶ 5, 8 (9th Dist). In this case, the trial court informed Mr. Gove that the prison sentences he might receive for failure to comply "must be served consecutive to any other prison sentence," and Mr. Gove indicated that he understood. This statement was consistent with the language of Section 2921.331(D). *See Gonzalez* at ¶ 8. We cannot conclude that the trial court failed in its obligation under Rule 11(C)(2)(a) on this basis.

{¶9} Section 2921.331(E), however, also requires trial courts to impose driver's license suspensions consistent with the circumstances described in that section. When a defendant has previously been convicted of failure to comply, for example, "in addition to any other sanction imposed for the offense," the trial court must impose a lifetime suspension. R.C. 2921.331(E); R.C. 4510.02(A)(1). During the Rule 11 colloquy, the trial court mentioned that Mr. Gove could

be subject to a license suspension in connection with his drug-related convictions but did not explain that a license suspension was required under Section 2921.331(E).

{¶10} In general, "a defendant must affirmatively show prejudice to invalidate a plea" when a trial court does not comply with the nonconstitutional requirements of Rule 11. *Dangler*, 2020-Ohio-2765, at ¶ 14, 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*. at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). When a trial court completely fails to comply with part of Rule 11(C), the defendant does not need to demonstrate prejudice. *Dangler* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. In *Sarkozy*, for example, the trial court failed to mention postrelease control during the Rule 11 colloquy. *Sarkozy* at ¶ 22. The Supreme Court of Ohio explained that "there was no compliance with [Rule 11]" because "[t]he trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy." *Id.*. *Compare State v. Gray*, 2021-Ohio-1227, ¶ 19 (9th Dist.) (concluding that a defendant was required to demonstrate prejudice when the trial court "did not fully or completely fail to mention" sex offender registration requirements during the plea colloquy).

{¶11} In this case, the trial court informed Mr. Gove that he could face a suspension of his driving privileges but omitted reference to a mandatory suspension under Section 2921.331(E). This was not a complete failure under Rule 11(C)(2)(a), so Mr. Gove was required to demonstrate that he would not otherwise have pleaded guilty. *See Dangler* at ¶ 16. Mr. Gove has not provided this Court with an argument that he would not otherwise have pleaded guilty, and this Court will not construct one on his behalf. *See State v. McKnight*, 2023-Ohio-1933, ¶ 13 (9th Dist.). Mr. Gove's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA WHEN THE LAW DEMANDS THAT THE MOTION SHOULD BE FREELY AND LIBERALLY GRANTED.

{¶12} In his first assignment of error, Mr. Gove argues that the trial court erred by denying his presentence motion to withdraw his guilty plea. This Court does not agree.

{¶13} Under Criminal Rule 32.1, "[a] motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." There is no "absolute right" to withdraw a guilty plea before sentencing. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. Nevertheless, motions filed before sentencing should be granted "freely and liberally[.]" *Id*. at 527. A trial court must conduct a hearing to determine whether the defendant has demonstrated a "'reasonable and legitimate basis'" to withdraw the plea, but it is within the trial court's discretion to determine the nature and scope of that hearing. *State v. Benson*, 2017-Ohio-8150, ¶ 7 (9th Dist.), quoting *Xie* at paragraph one of the syllabus and *Lorain v. Price*, 1996 WL 556916, *2 (9th Dist. Oct. 2, 1996). In every case, the defendant bears the burden of demonstrating that there is a reasonable and legitimate basis for withdrawing the plea. *State v. Jones*, 2012-Ohio-6150, ¶ 37 (9th Dist.), quoting *State v. DeWille*, 1992 WL 323896, *1 (9th Dist. Nov. 4. 1992). The determination of whether to grant a presentence motion to withdraw a guilty plea is entrusted to the discretion of the trial court, and this Court reviews that decision for an abuse of discretion.

{¶14} This Court has concluded that a trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

*State v. Pamer*, 2004-Ohio-7190, ¶ 10 (9th Dist.), citing *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist. 1996). Our review has also been guided by considering prejudice that may be suffered by the State, the adequacy of representation afforded to the defendant, the character of the underlying plea hearing, the scope of the trial court's consideration of the motion to withdraw, the timing of the motion, the reasons articulated in the motion to withdraw, the defendant's understanding of the nature of the charges and the potential sentences, and whether the defendant may have been not guilty of the offense or had a complete defense. *State v. Wheeland*, 2007-Ohio-1213, ¶ 12 (9th Dist.), quoting *State v. Fulk*, 2005-Ohio-2506, ¶ 13 (3d Dist.).[1]

{¶15} Mr. Gove does not dispute that he was represented by competent counsel and that the trial court provided him with a full hearing on his motion to withdraw his plea. With respect to the scope of the plea hearing, as discussed in this Court's resolution of Mr. Gove's second assignment of error, the record demonstrates that the plea was entered knowingly, voluntarily, and intelligently. Mr. Gove did not allege that he had a defense to the charges, nor did he maintain that he did not understand the terms of the plea or the rights that he waived. He moved to withdraw his plea the day before his sentencing hearing, which had been rescheduled almost six months after he failed to appear. Mr. Gove's motion was limited to a single issue. According to counsel, Mr. Gove's brother was sentenced in federal court for offenses arising from the same transaction while

---

[1] The Supreme Court of Ohio has determined that these factors "do not apply" in the context of exculpatory evidence that was withheld from a defendant prior to pleading guilty. *State v. Barnes*, 2022-Ohio-4486, ¶ 23-24. The Supreme Court did not reject the appropriateness of this test in general, however, and this Court declines to extend *Barnes* by doing so. *See State v. Wallace*, 2023-Ohio-3014, ¶ 32 (3d Dist.) (summarizing cases).

Mr. Gove was at large. Counsel argued that during plea negotiations, the parties tried to balance Mr. Gove's extensive criminal record against their belief that his codefendant was more culpable for the charges at issue. Consequently, counsel maintained, the parties tried to achieve parity between the two sentences. According to his attorney, Mr. Gove wanted to withdraw his plea because his brother "ultimately received a sentence actually less than what we initially expected . . . ."

{¶16} Mr. Gove argues that the trial court should have permitted him to withdraw his plea based on the perspective that he gained based on events that occurred while he was at large. In other words, he maintains that he should gain an advantage from his failure to appear for sentencing. This Court has consistently noted, however, that "[a] mere change of heart" does not justify the withdrawal of a guilty plea. *State v. West*, 2017-Ohio-8474, ¶ 7 (9th Dist.), citing *State v. Brown*, 2007-Ohio-7028, ¶ 23 (9th Dist.). Although presentence motions should be "freely and liberally granted," we cannot agree that the trial court abused its discretion by determining that Mr. Gove failed to present a reasonable and legitimate basis for withdrawing his plea. *See Xie*, 62 Ohio St.3d 521, at paragraphs one and two of the syllabus, 527. Mr. Gove's first assignment of error is overruled.

## III.

{¶17} Mr. Gove's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
<u>CONCURS.</u>

STEVENSON, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶18} I respectfully concur in the judgment of the majority but write separately as I believe our previous cases relied upon by the majority, while not overturned, do not reflect Ohio Supreme Court case law.

{¶19} Crim.R. 32.1 provides that a motion to withdraw a guilty plea can only be made before sentencing, but that the court may, after sentencing, set aside the judgment of conviction

and allow the defendant to withdraw his or her plea to correct a manifest injustice. The basis for this distinction between pre and post sentencing withdrawals is based on the premise that:

> "[. . .] Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. [. . .] "

*State v. Peterseim*, 68 Ohio App.2d 211, 213–214 (8th Dist. 1980) quoting *Kadwell v U.S.*, 315 F.2d 667, 670 (9th Cir. 1963); *accord Barker v. U.S.,* 579 F.2d 1219, 1223 (10th Cir. 1978); *U.S. v. Roberts*, 570 F.2d 999, 1008 (D.C.Cir. 1977); *U.S. v. Read*, 534 F.2d 858, 859 (9th Cir. 1976).

{¶20} I further agree with the Seventh Appellate District that special care must be taken in these cases if a defendant is asserting his innocence:

> [W]hen a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused. That is, in such a situation we have the inconvenience to the state of proving the guilt of a defendant at trial versus the possibility that a person has pled guilty to a crime they did not commit. Absent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain, . . . the potential harm to the state in vacating the plea is slight, whereas the potential harm to the defendant in refusing to vacate the plea is great.

*State v. Cuthbertson*, 139 Ohio App.3d 895, 899-900 (7th Dist. 2000)

{¶21} A criminal defendant is confronted with an extremely difficult decision when considering whether he should exercise his right to a jury trial when this right is pitted against the full weight of the state's awesome investigatory and prosecutorial powers. The Ohio Supreme Court has set forth a clear standard which recognizes that a defendant should be permitted some grace when a motion to withdraw a plea is made prior to sentencing. Because that defendant is attempting to assert his constitutional right to a jury trial, the Ohio Supreme Court has stated that

these motions should be freely and liberally granted when the defendant presents a reasonable and legitimate basis to do so.

### Supreme Court Standard

{¶22} The Ohio Supreme Court originally set forth the standard for presentence withdrawal of pleas in *State v Xie,* 62 Ohio St.3d 521 (1992). In *Xie*, the Court held that when a defendant moves to withdraw his plea before sentencing, that motion should be "'freely allowed and treated with liberality[.]'" *Id.* at 719, quoting *Barker v U.S.*, 579 F.2d 1219, 1223 (10th Cir. 1978). With this standard in mind, a trial court is vested with discretion to consider "what circumstances justify granting such a motion." *Id.* The Supreme Court further instructed in *Xie* that while a presentence motion to withdraw a plea should be freely and liberally granted, "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527. Accordingly, a trial court must conduct a hearing to determine whether a defendant has presented a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶23} The Ohio Supreme Court reinforced this standard in *State v Barnes*, 2022-Ohio-4486. In *Barnes*, the Supreme Court reiterated the following:

> We begin by repeating what this court established three decades ago in *Xie*, 62 Ohio St.3d at 527[.][] : a defendant's presentence motion to withdraw his guilty plea should be *freely and liberally granted.* This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start.

(Emphasis in original.) *Id.* at ¶ 21.

{¶24} Reviewing *Xie* and *Barnes* together, the Supreme Court held that motions to withdraw a plea prior to sentencing should be addressed by trial courts with the following in mind: 1) They should be *freely and liberally granted*; 2) The trial court must conduct a hearing on the motion to determine if there is a reasonable and legitimate basis for the withdrawal of the plea; 3)

When deciding the motion, the trial court has discretion in determining whether a defendant has presented a reasonable and legitimate basis; and 4) When exercising its discretion, the trial court must be guided by the presumption that a presentence motion to withdraw a guilty plea should be granted.

{¶25} Further, I find this to be a very unique standard and, accordingly, it should be closely followed by trial courts. Generally, a trial court's ruling on a motion is simply trusted to the trial court's discretion. The Ohio Supreme Court has singled out very few types of motions that should be "freely and liberally granted." In *Barnes*, the Supreme Court explained that under this standard, when a defendant wants to withdraw his plea before sentencing, "the trial court should permit him to withdraw his plea." *Barnes* at ¶ 21. I believe the best way to ensure that trial courts are properly following *Xie* and *Barnes* is to rely solely on *Xie* and *Barnes* upon appellate review.

**Ninth District Appellate Standards**

{¶26} The majority opinion notes *Xie* and *Barnes* but more heavily relies on various other cases from this appellate district that collectively set forth three different tests to determine whether a trial court has abused its discretion in denying a presentence motion to withdraw a guilty plea. The difficulty I have with each of these tests is that they distract appellate courts from reviewing motions to withdraw solely under *Xie* and *Barnes* and tempt trial courts to adopt a more restrictive basis for considering these motions rather than the "freely and liberally granted" standard provided there is a reasonable and legitimate basis. Further, to the extent that we invite trial courts to adopt these tests, we are implicitly overruling the Ohio Supreme Court in *Xie* and *Barnes*. Lastly, we have not detailed how these three tests conflict with or complement each other or in what circumstances we should use one of them at the exclusion of the others.

{¶27} The first standard cited by the majority is from *State v. Pamer*, 2004-Ohio-7190, ¶ 10 (9th Dist.), citing *State v Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist. 1996):

> the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

The *Rosemark* Court adopted this test from *Peterseim*, 68 Ohio App.2d at 213–214. *See Rosemark* at 308. Notably, the Ohio Supreme Court cited *Peterseim* in both *Xie* and *Barnes* but declined to adopt the three-part test in either case. In *Barnes,* the Supreme Court found that the *Peterseim* standard "[does] not apply" to a case involving a motion to withdraw based on "new evidence that would have affected his decision to plead guilty." *Barnes,* 2022-Ohio-4486, at ¶ 24. The *Barnes'* Court's reluctance to embrace the *Peterseim* standard is understandable in that it focuses solely on procedural protections afforded a defendant rather than the defendant's reasons for moving to withdraw his plea. The *Peterseim* standard may have some utility in reviewing a motion to withdraw a plea based on whether a defendant made a knowing and intelligent plea, but that is not the standard per *Xie* and *Barnes*.

{¶28} The Ohio Supreme Court has established an abuse of discretion standard for reviewing a trial court's decision in these matters, a standard very familiar to reviewing courts. The *Peterseim* standard, however, focuses solely on the circumstances of the defendant's plea and is of no value in determining whether a motion to withdraw a plea is brought for any other "reasonable and legitimate reason," such as a defendant's discovery of new evidence, his belief in his innocence, prosecutorial misconduct, or any other basis that does not rely on the mechanics of his plea. We have previously stated that the trial court's decision should take into consideration "'the facts and circumstances of each case.'" *State v. Wheeland*, 2007-Ohio-1213, ¶ 11 (9th Dist.),

quoting *State v. West*, 2005-Ohio-990, ¶ 23 (9th Dist.). If the trial court focuses only on the three factors of the *Perseim* test, it will be likely to overlook the facts and circumstances of defendant's motion to withdraw, leading to potential trial court error. Also, focusing on the *Perseim* factors when reviewing a trial court's decision on a motion to withdraw distracts appellate courts from considering whether the trial court freely and liberally considered whether the defendant presented a reasonable and legitimate basis for withdrawal of his plea. Accordingly, the *Perseim* test should be retired.

{¶29} The second test the majority relies on is the one set forth in *Wheeland*. This is a multi-factor test that provides:

> "1)whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge."

*Wheeland* at ¶ 12, quoting *State v. Fulk*, 2005-Ohio-2506, ¶ 13 (3d Dist.). I note that *Wheeland* stressed that these are *additional* factors that may assist a reviewing court when considering whether a trial court abused its discretion regarding a motion to withdraw a guilty plea. *Id*. However, if used as the guideline standard on appellate review, the risk is these additional factors will prevent trial courts from following *Xie* and *Barnes* because they do not emphasize the trial court's duties when exercising its discretion.

{¶30} While the *Wheeland* factors are not problematic in and of themselves, I find they do not accord any weight to the Ohio Supreme Court's directive that a motion to withdraw should be freely and liberally granted. When reviewing a denial of a presentence motion to withdraw a guilty plea, *Xie* and *Barnes* instruct that we also must review the trial court's exercise of discretion

in light of the presumption that the motion should be freely and liberally granted. Because the *Wheeland* factors do not take this presumption into consideration, I am concerned that their application by reviewing courts will encourage trial courts to ignore this threshold guideline in *Xie* and *Barnes*, and instead, treat motions to withdraw under the presumption that they should be denied if they do not satisfy these factors. If the *Wheeland* factors are to be used by any court, a preliminary factor should be added emphasizing that these motions should be liberally and freely granted if the defendant establishes a reasonable and legitimate basis to withdraw in order to highlight the unique standard articulated in *Xie* and *Barnes*.

{¶31} The last standard that the majority cites is that "[a] mere change of heart" does not justify the withdrawal of a guilty plea. *State v. West*, 2017-Ohio-8474, ¶ 7 (9th Dist.), citing *State v. Brown*, 2007-Ohio-7028, ¶ 23 (9th Dist.). *Brown* cites *State v Miller*, 2000 WL 988762, *1 (9th Dist. July 19, 2000) for this same principle. All motions to withdraw a plea represent a change of heart. If that standard is to have any meaning it should differentiate one change of heart from another In *Miller*, we were simply repeating what the trial court found, were not relying on any other authority, and did not appear to be adopting a standard for appellate review. *Miller* does not provide any guidance as to what constitutes the antithesis of a "a mere change of heart" that would permit withdrawal of a plea. However, in *Xie* and *Barnes*, the Ohio Supreme Court requires trial courts to review whether a defendant has a "reasonable and legitimate" basis for a motion to withdraw his plea. Accordingly, we should retire the undefined "mere change of heart" test and simply emphasize that trial courts consider whether defendants have a "reasonable and legitimate" basis as established in *Xie* and *Barnes*.

{¶32} Lastly, while the first two tests may have some value when determining on appeal whether a trial court abused its discretion in certain cases, the risk is that if adopted by a trial court

they will obscure its obligation to liberally and freely grant these motions if a defendant provides a "reasonable and legitimate" basis to withdraw a plea prior to sentencing. Clearly, these tests created by appellate courts cannot replace the standards set forth by the Ohio Supreme Court in *Xie* and *Barnes*. The only way to interpret these tests as consistent with *Xie* and *Barnes* is to view them as guides for appellate courts to use when reviewing whether a trial court abused its discretion. Our utilization of these tests to review whether a trial court abused its discretion invites trial courts to adopt them rather than focus on what the Supreme Court has prescribed in *Xie* and *Barnes*. Rather than apply any of these tests, I would simply follow the standards set forth in *Xie* and *Barnes* and review whether a trial court abused its discretion in denying the motion to withdraw based on whether the defendant provided "reasonable and legitimate" reasons, presuming the motion should be freely and liberally granted.

{¶33} In this case, because I agree that the trial court was within its discretion in finding that, even though pre-sentence motions to withdraw should be freely and liberally granted, Gove did not set forth a legitimate and reasonable basis to withdraw his plea, I concur in judgment only.

APPEARANCES:

JOHN F. CORRIGAN, Attorney at Law, for Appellant.

TONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.